**Eugene M. LONSDALE, Sr. and Patsy R. Lonsdale, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 81–4215
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 12, 1981.

Eugene M. Lonsdale, Sr., pro se.

John F. Murray, Acting Asst. Atty. Gen., Richard Farber, Philip I. Brennan, Attys., Tax Div., U. S. Dept. of Justice, Alfred C. Bishop, Jr., Chief, John Menzel, Director,

Tax Litigation, I. R. S., Washington, D. C., for respondent-appellee.

Before GEE, GARZA, and TATE, Circuit Judges.

PER CURIAM:

■ Mr. and Mrs. Eugene Lonsdale appeal from an adverse judgment rendered by the Tax Court in their suit contesting deficiencies determined by the Commissioner in their income tax payments for the years 1976 and 1977. As their only arguments for reversal are purely legal ones and extremely broad, the facts of their case need not be detailed.[1]

■ As nearly as we can tell from their pro se brief, these arguments are two, or possibly three, in number. The first category of contentions may be summarized as that the United States Constitution forbids taxation of compensation received for personal services. This is so, appellants first argue, because the exchange of services for money is a zero-sum transaction, the value of the wages being exactly that of the labor exchanged for them and hence containing no element of *profit*. This contention is meritless. The Constitution grants Congress power to tax "incomes, from whatever source derived . . . ." U.S. Const. amend. XVI. Exercising this power, Congress has defined income as including compensation for services. 26 U.S.C. § 61(a)(1). Broadly speaking, that definition covers all "accessions to wealth." *See Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 431, 75 S.Ct. 473, 477, 99 L.Ed. 483 (1955). This definition is clearly within the power to tax "incomes" granted by the sixteenth amendment.

■ Appellants next seem to argue, in reliance on *Pollock v. Farmers Loan &*

*Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759 (1895), and other authority, that, so understood, the income tax is a direct one that must be apportioned among the several states. U.S.Const. art. I, sec. 2. This requirement was eliminated by the sixteenth amendment.

■ Finally, appellants argue that the seventh amendment to the Constitution entitles them to a jury trial in their case. That amendment, however, extends only to "suits at common law . . . ." This is not such a suit. *Mathes v. Commissioner of Internal Revenue*, 576 F.2d 70 (5th Cir. 1978).

■ Appellants' contentions are stale ones, long settled against them. As such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed.R.App.P. We publish this opinion as notice to future litigants that the continued advancing of these long-defunct arguments invites such sanctions, however.

AFFIRMED.

---

1. Appellants appear before us pro se advancing, under many and diffuse headings, arguments partly legal and partly theological. The latter, being beyond our special competence or jurisdiction, we are unable to consider. We have, however, sought faithfully to synthesize their legal arguments from the numerous and somewhat overlapping contentions made in their brief. These we discuss.