Melvin DAVIS and Maria T. Davis,
Plaintiffs-Appellants,

v.

UNITED STATES GOVERNMENT and
IRS Director, Austin, Texas,
Defendants-Appellees.

No. 84–2190

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1984.

Melvin Davis, and Maria T. Davis, pro se.

Joe A. Pitzinger, III, Tax Div., Dist. of Justice, Dallas, Tex., James R. Gough, Asst. U.S. Atty., Houston, Tex., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Sec., Gary R. Allen, Douglas G. Coulter, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

In April 1983, taxpayers Melvin and Maria Davis filed a Form 1040 (individual income tax return) for their 1982 taxable year. Taxpayers claimed four exemptions and itemized deductions of $6,946. They reported no income, however, from "wages, salaries, [or] tips," nor any other "gross income," even though the four Forms W–2 from their employers in 1982 that were attached to the return indicated they had received in excess of $60,000 in wages or other compensation for that year.

Instead, taxpayers claimed a business loss of $3,551. They calculated this loss by reducing the amount of gross receipts by the "cost of labor" (an amount equal to the amounts of wages and other compensation shown on the Forms W–2) and by the costs of "materials and supplies" (in amounts ranging up to $40). In addition, taxpayers claimed deductions for "car and truck expenses" and "laundry and cleaning."

The IRS determined that the return fell within the "frivolous return" penalty provisions of 26 U.S.C. § 6702 and accordingly assessed the $500 penalty provided by the statute. Pursuant to 26 U.S.C. § 6703(c), taxpayers paid 15% of the assessed penalty and filed a claim for refund. After their claim was denied, they timely filed a suit for refund, additionally seeking a refund of $33,444 in taxes paid by them from 1979 through 1982 and $50,000,000 in damages for "mental and physical suffering." The district court granted the government's motion for summary judgment. From this judgment taxpayers appeal.

## I.

■ The IRS may impose a $500 penalty on any individual who files "what purports to be" a tax return when such return (1) contains information that on its face indicates that the self-assessment is substantially incorrect, and (2) is based on a frivolous position. 26 U.S.C. § 6702. The return filed here by taxpayers clearly constitutes a return falling within these provisions.

First, taxpayers' Form 1040, on its face, indicates that the self-assessment is substantially incorrect. The attached Forms W–2 demonstrate that taxpayers earned over $60,000 in wages during 1982. The return, however, failed to include any of the wages in gross income.

■ Second, taxpayers' reasons for failing to include the income are clearly frivolous and have been rejected by us time and time again. For example, taxpayers contend that the income tax is an excise tax applicable only against special privileges and not assessable against income in general; "[a]t this late date, it seems incredible that we would again be required to hold that the Constitution, as amended, empowers the Congress to levy an income tax against any source of income, without the need ... to classify it as an excise tax applicable to specific categories of activities." *Parker v. CIR*, 724 F.2d 469, 471 (5th Cir.1984). Taxpayers also argue that an individual receives no taxable gain from the exchange of labor for money because the wages received are offset by an equal amount of "costs of labor." We held this contention meritless in *Lonsdale v. CIR*, 661 F.2d 71, 72 (5th Cir.1981). We also reject taxpayers' claim that the Fifth Amendment entitles them to refuse to file adequate returns; they have not demonstrated any "real danger" of self-incrimination, nor is such danger readily apparent. *Steinbrecher v. CIR*, 712 F.2d 195, 197–98 (5th Cir.1983). Taxpayers' remaining justifications for filing an inadequate return are equally frivolous and without merit.[1]

---

1. Some of taxpayers' arguments are based on various passages in the Bible; these, being "beyond our special competence or jurisdiction," we are unable to consider. *Lonsdale,* 661 F.2d at 72 n. 1. We do, however, call taxpayers' attention to Matthew 22:21 (The New Oxford Annotated Bible—Revised Standard Edition): "Then he said to them, 'Render therefore to

Taxpayers argue that § 6702 does not apply to them in that the Form 1040 that they filed was not a "purported return." While taxpayers did write on the forms the words "not a tax return," the form was undeniably filed to obtain a refund of the taxes withheld from their wages for which the filing of a return is necessary. 26 CFR § 301.6402–3(a)(1) (1983). As stated a district court that recently faced this same situation:

> Since the plaintiffs' stated purpose was to obtain a refund, the documents submitted must be deemed to be purported tax returns for purposes of Section 6702. It is true that the plaintiffs wrote on the forms that they were not returns, but this disclaimer has no effect in light of the plaintiffs' stated purpose to have the documents treated as returns. If such a disclaimer were sufficient to avoid liability under Section 6702, tax protesters could flood the IRS with frivolous tax returns bearing similar disclaimers without penalty."

*Nichols v. United States*, 575 F.Supp. 320, 322 (D.Minn.1983). Thus, the Form 1040 was a purported return, and the district court correctly granted summary judgment on the issue of the penalty under § 6702.

## II.

The remaining issues are easily resolved. The district court properly granted summary judgment on taxpayers' claim for a refund of their 1979 through 1982 taxes, for it was based solely on the frivolous contention that they could not be taxed on their wages. *See Parker*, 724 F.2d at 471. Taxpayers' request for compensatory and punitive damages is barred by the doctrine of sovereign immunity. *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir.1981). Finally, taxpayers' Seventh Amendment right to jury trial was not violated by the granting of summary judgment for there were no material facts in dispute. *Port of Palm Beach District v. Goethals*, 104 F.2d 706, 709–10 (5th Cir. 1939). Since we determine that the appeal

Caesar the things that are Caesar's, and to God

is frivolous, we award double costs to the appellee. Rule 38, Fed.R.Civ.P.

The judgment of the district court is in all respects

AFFIRMED.

the things that are God's.' "