**Leonard PERKINS,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.**

**No. 83–1716.**

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 4, 1984.

Decided Oct. 31, 1984.

Rehearing Denied Dec. 10, 1984.

---

Leonard A. Perkins, Madison Heights, Mich., pro se.

James J. Keightley, Acting Chief Counsel, Internal Revenue Service, Joel Gerber, Acting Chief Counsel, Jeremy L. Nowak, Lead Counsel, Robert B. Miscavich (Sr. Tech. Revr.), Internal Revenue Service, Glenn L. Archer, Jr. (Lead Counsel), Michael L. Paup, Chief, Appellate Sect., Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before STEWART, Associate Justice (Retired)*, and MERRITT and KENNEDY, Circuit Judges.

PER CURIAM.

This matter is before the Court upon petitioner's appeal from the Tax Court's judgment granting summary judgment for respondent, affirming the Commissioner's deficiency determination and awarding damages pursuant to 26 U.S.C. § 6673. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

On his 1980 federal income tax return petitioner reported that he received $28,008 in wages from his employer, Ford Motor Company. He claimed an adjustment to receipts of $28,188 which he characterized as non-taxable receipts. Petitioner then reported that he owed no tax and sought a refund of the federal taxes withheld by his employer in 1980. The Commissioner assessed a tax deficiency plus a five percent addition to tax pursuant to 26 U.S.C.

§ 6653(a). The decision was affirmed by the Tax Court.

Petitioner's arguments can be characterized as follows: 1) that wages paid for his labor are non-taxable receipts, 2) that the Sixteenth Amendment does not permit an imposition of tax on wages and, 3) that he was entitled to a jury trial. Petitioner also raises several other spurious constitutional arguments.

■■■ These assertions are totally without merit. First, gross income means all income from whatever source derived including compensation for services. 26 U.S.C. § 61(a) & 61(a)(1); *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955); *Brushaber v. Union Pacific Railroad*, 240 U.S. 1, 12, 36 S.Ct. 236, 239, 60 L.Ed. 493 (1916); *Funk v. Commissioner*, 687 F.2d 264, 265 (8th Cir. 1982) (wages received for services are taxable as income). Second, 26 U.S.C. § 61(a) is in full accordance with Congressional authority under the Sixteenth Amendment to the Constitution to impose taxes on income without apportionment among the states. Third, petitioner was not entitled to a jury trial where he elected to contest the Commissioner's deficiency determination in the Tax Court. *Wickwire v. Reinecke*, 275 U.S. 101, 105–06, 48 S.Ct. 43, 44–45, 72 L.Ed. 184 (1927); *Funk v. Commissioner of Internal Revenue, supra.* Petitioner's remaining constitutional objections are frivolous. *Funk v. Commissioner of Internal Revenue, supra; Beatty v. Commissioner of Internal Revenue*, 676 F.2d 150 (5th Cir.1982).

■■■ The Commissioner has requested the imposition of sanctions because of the patently frivolous nature of this appeal. It appearing that this request is well taken, the Commissioner is awarded double costs pursuant to Rule 38, Federal Rules of Appellate Procedure. Litigants are warned that in future cases in which the lower court has clearly explained, as it has here,

* The Honorable Potter Stewart, Associate Justice (Retired) of the United States Supreme Court, sitting by designation.

the frivolous nature of the taxpayer's claim that earned income is not taxable, we will not hesitate to award actual attorney fees to the Commissioner under Rule 38 as it has been uniformly construed.

The judgment of the Tax Court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.