Michael W. LOVELL and Phyllis D. Lovell, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 84–1547.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 28, 1984.*

Decided Dec. 18, 1984.**

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

** This appeal was originally decided by unreported order on December 18, 1984. 753 F.2d 1081. *See* Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

518

Michael & Phyllis Lovell, pro se.

John R. Byrnes, U.S. Atty., Madison, Wis., Glenn L. Archer, Jr., Asst. Atty. Gen., Murray S. Horwitz, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before CUMMINGS, Chief Judge, and CUDAHY and FLAUM, Circuit Judges.

PER CURIAM.

Plaintiffs appeal from a district court order granting summary judgment to the government and assessing a $500 frivolous return penalty under 26 U.S.C.A. § 6702(a). The district court also awarded attorneys' fees to the government because plaintiffs' legal position was patently frivolous. 579 F.Supp. 1047 (D.Wis.) We affirm.

I.

In April 1983, plaintiffs filed separate Forms 1040 for the 1982 tax year. Each plaintiff claimed no income from wages or salaries during 1982, although each claimed a refund of all the federal income and Social Security taxes that had been withheld during the year. The Lovells also filed Schedule C forms on which they claimed that their gross receipts as "labor contractors" were totally offset by adjustments for the "cost of labor." Neither plaintiff signed the return; instead, they each wrote on the signature line: "not a tax return (see attached letter)." The letter explained that they sought a refund and that the forms filed were not tax returns but supporting documentation for their refund claims.

The IRS assessed a $500 frivolous return penalty under § 6702(a);[1] plaintiffs paid 15% of the penalties and filed claims for refund which were denied by the IRS. Plaintiffs then filed the instant action in district court.

## II.

Plaintiffs contend on appeal that § 6702(a) does not apply to their case because the documents they filed did not purport to be tax returns within the meaning of the statute. This assertion is utterly meritless. The Fifth Circuit recently rejected an identical argument and we agree with the court's reasoning there. *Davis v. United States Government*, 742 F.2d 171, 173 (5th Cir.1984) (per curiam). A return must be filed in order to obtain the refunds plaintiffs requested. 26 C.F.R. § 301.6402–3(a)(1) (1984).

> Since the plaintiffs' stated purpose was to obtain a refund, the documents submitted must be deemed to be purported tax returns for purposes of section 6702. It is true that the plaintiffs wrote on the forms that they were not returns, but this disclaimer has no effect in light of the plaintiffs' stated purpose to have the documents treated as returns. If such a disclaimer were sufficient to avoid liability under section 6702, tax protesters could flood the IRS with frivolous tax returns bearing similar disclaimers without penalty. Section 6702's purpose of deterring frivolous filings would be completely undermined.

*Nichols v. United States*, 575 F.Supp. 320, 322 (D.Minn.1983).

The government has established all of the requisite elements for § 6702(a) liability. The returns filed by plaintiffs indicate that the self-assessments are substantially incorrect. The fact that taxes were withheld demonstrates that plaintiffs received income in 1982; yet their returns indicate that they earned no income. *See Davis*, 742 F.2d at 172; *Holker v. United States*, 737 F.2d 751, 753 (8th Cir.1984) (per curiam). And there is absolutely no doubt that the legal contentions advanced by the plaintiffs are frivolous; indeed, plaintiffs' arguments are patently absurd.

Plaintiffs argue first that they are exempt from federal taxation because they are "natural individuals" who have not "requested, obtained or exercised any privilege from an agency of government." This is not a basis for an exemption from federal income tax. *See Holker v. United States*. All individuals, natural or unnatural, must pay federal income tax on their wages, regardless of whether they received any "privileges" from the government. Plaintiffs also contend that the Constitution prohibits imposition of a direct tax without apportionment. They are wrong; it does not. U.S. Const. amend. XVI; *Parker v. Commissioner*, 724 F.2d 469, 471 (5th Cir.1984). Finally, plaintiffs' assertion that money received in compensation for labor is not taxable has been rejected by numerous courts. *See, e.g., Davis*, 742 F.2d at 172; *Simanonok v. Commissioner*, 731 F.2d 743, 744 (11th Cir.1984) (per curiam). *Cf. United States v. Koliboski*, 732 F.2d 1328, 1329 n. 1 (7th Cir.1984). Plaintiffs' other arguments against the income tax are equally frivolous.

This court recently warned taxpayers who put forth frivolous arguments in bad faith that we would not hesitate to impose sanctions pursuant to Fed.R.App.P. 38. *Granzow v. Commissioner*, 739 F.2d 265, 269–70 (7th Cir.1984). *See also Edgar*

---

1. 26 U.S.C.A. § 6702(a) (West Pocket Part 1984) provides:

   (a) Civil penalty.—If—
   (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
   (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
   (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
   (2) the conduct referred to in paragraph (1) is due to—
   (A) a position which is frivolous, or
   (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
   then such individual shall pay a penalty of $500.

*v. Inland Steel Co.,* 744 F.2d 1276, 1278 (7th Cir.1984); *United States v. Ekblad,* 732 F.2d 562 (7th Cir.1984). Other circuits have imposed sanctions in § 6702 cases, *see Martinez v. IRS,* 744 F.2d 71 (10th Cir. 1984) (per curiam); *Davis,* 742 F.2d at 173; *Baskin v. United States,* 738 F.2d 975, 977 (8th Cir.1984) (per curiam); *Crain v. Commissioner,* 737 F.2d 1417, 1418 (5th Cir. 1984), and we believe sanctions are appropriate in this case. Accordingly, the United States shall recover, from plaintiffs, reasonable attorneys' fees and costs incurred in defending this appeal. The government shall file with this court, within 15 days of the date of this order, a submission as to the fees and costs it has incurred on appeal. The judgment of the district court is AFFIRMED.