**Alex L. ANDERSON,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al.,**
**Defendants-Appellees.**

No. 84–1870
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 14, 1985.

Rehearing Denied April 4, 1985.

Alex L. Anderson, plaintiff-appellant, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Stephen Gray, Attys. Chief App. Sec., Tax Div. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

Plaintiff, Alex L. Anderson, appeals an adverse judgment of the district court in this suit for refund of a penalty assessed by the Internal Revenue Service, pursuant to 26 U.S.C. § 6702(a), for the filing of a frivolous income tax return. Finding appellant's objections to be utterly meritless, we affirm and impose double costs and damages.

## I.

Anderson filed a joint Form 1040 (individual income tax return) with his wife for the tax year 1982. On this return, the Andersons reported no income from "wages, salaries, tips" or "interest". Attached to the return, however, were copies of Forms W–2 and Forms 1099–INT indicating that the Andersons received wage and salary income in 1982 of $41,733.49 and interest income of $544.59. The word "incorrect" was handwritten across the face of the Forms W–2. The Andersons attached two completed Schedules C (Profit or Loss from Business or Profession), on which they reported their wage and salary income as the gross receipts of a purported business as "labor contractors". These gross receipts were wholly offset by adjustments for "cost of labor" and "purchases". Mr. Anderson attached a signed statement to the return in which he asserted that he and his wife had no "adjusted gross income" for the tax year 1982. Neither of the Andersons signed the Form 1040 itself; rather the words "For Information olny [sic] Not a Return" were written over the signature line.

The IRS assessed a $500 penalty for the filing of a frivolous return under 26 U.S.C. § 6702(a).[1] Although they filed a written protest of the IRS' action, the Andersons failed to forestall collection of the penalty by paying 15% of the amount owed and instituting suit for refund as provided by 26 U.S.C. § 6703(c)(1). The IRS subsequently collected the penalty by levying upon the accrued wages of Mrs. Anderson.

Mr. Anderson filed a complaint in the district court on May 11, 1984, for refund of the $500 penalty alleging that he and his wife owed no income taxes for 1982 and that the penalty had been improperly imposed. The United States was served with this complaint on May 14, 1984. On July 13, 1984, the government served Mr. Anderson with a motion to dismiss or for summary judgment. This motion was filed in court on July 17, 1984. On July 23, 1984, Mr. Anderson filed a motion for default judgment alleging that the government had failed to answer his complaint within sixty days of service.

On July 27, 1984, the district court entered an order denying Anderson's motion for default judgment concluding that sixty days had elapsed before the government filed an answer, but that this temporary default had been cured by the subsequent filing of the government's motion to dismiss. The district court proceeded to enter summary judgment for the government, finding that Anderson had filed a "frivolous" income tax return.

## II.

Section 6702(a) permits the IRS to impose a $500 civil penalty on any individual who files "what purports to be" a tax return when such return (1) contains information on its face which indicates that the taxpayer's self-assessment is substantially incorrect, and (2) is based on a frivolous position. While the Andersons' Forms W–2 and Forms 1099–INT indicated taxable income in excess of $42,000, the Andersons included none of this income on their Form 1040. This self-assessment was obviously incorrect. Moreover, the Andersons' purported justifications for omitting their wage and interest income from their Form 1040 were patently frivolous. We have repeatedly rejected Mr. Anderson's conten-

---

**1.** 26 U.S.C. § 6702 provides:
    (a) Civil penalty.—If—
      (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
        (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
        (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
      (2) the conduct referred to in paragraph (1) is due to—
        (A) a position which is frivolous, or
        (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
    then such individual shall pay a penalty of $500.

tion that Congress is not empowered by the Constitution to levy a tax on wage and salary income. See *Davis v. United States*, 742 F.2d 171, 172 (5th Cir.1984).

Anderson's contention that the 1982 return was not a "purported return" for the purposes of § 6702(a) is utterly without merit. While the Andersons did write "For Information olny [sic] Not a Return" on their Form 1040, "the form was undeniably filed to obtain a refund of taxes withheld from their wages for which the filing of the return is necessary." *Davis*, 742 F.2d 173. Hence, the Andersons' return was a "purported return" subject to the penalties of section 6702(a).

██ Anderson asserts that section 6703(c)(1)[2] violates the fifth amendment guarantee of due process by requiring payment of a portion of the penalty before a taxpayer may obtain judicial review of the IRS assessment. "It is well-established that the government's need for revenue justifies the use of summary procedures to collect money, followed by a later hearing on the seizure." *Zernial v. United States*, 714 F.2d 431, 434 (5th Cir.1983) citing *Phillips v. Commissioner*, 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931). Anderson's contention that section 6703(c)(1) violates due process by requiring partial payment of the penalty assessed is frivolous. Accord *Martinez v. IRS*, 744 F.2d 71, 72–73 (10th Cir.1984); *Baskin v. United States*, 738 F.2d 975, 977 (8th Cir.1984).[3]

██ The district court properly granted judgment in favor of the government.[4] Moreover, since Anderson's contentions on appeal are utterly baseless, we impose double costs upon him and will, upon timely petition for rehearing, award the government reasonable attorney's fees as damages for this frivolous appeal. See F.R. App.P. 38; *Knoblauch v. Commissioner*, 749 F.2d 200, 202–03 (5th Cir.1984), on rehearing, 752 F.2d 125 (1985).

AFFIRMED.

---

**2.** 26 U.S.C. § 6703(c) provides:

(1) In general—If, within 30 days after the day on which notice and demand of any penalty under section 6700, 6701, or 6702 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

**3.** Anderson also asserts that he was given inadequate notice of the assessment of the penalty and that the IRS lacked statutory authority to assess the penalty. We find no merit to these contentions.

**4.** Anderson asserts that the district court improperly denied his motion for a default judgment. F.R.Civ.P. 12(a) provides in pertinent part: "the United States or an officer or an agency thereof shall *serve* an answer to the complaint ... within sixty days after the *service* upon the United States attorney of the pleading in which the claim is asserted." (emphasis added). Since the government was served by the plaintiff on May 14, 1984, the government's service of a response on July 13, 1984, was timely.