**Neil C. HYSLEP, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 84–3704
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 16, 1985.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Section, Tax Div., U.S. Dept. of Justice, Gary R. Allen, Thomas A. Gick, Washington, D.C., for defendant-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

**1084**

PER CURIAM:

Appellant/taxpayer Hyslep filed a 1982 tax return form (Form 1040) on which he stated he received $44,232.64 in wages. He deducted, as an adjustment to income, the full amount of wages received, claiming that he was a "source-exchanger" and that therefore his wages were "non-taxable." Accordingly, he sought a refund of all income taxes withheld from wages.

Hyslep was assessed a $500 civil penalty under I.R.C. (26 U.S.C.) § 6702[1] for filing a frivolous return. He then filed this suit under I.R.C. § 6703(c) for a refund of the penalty assessed. The district court granted summary judgment in favor of the government. We affirm.

On appeal, Hyslep asserts arguments long held to be frivolous. *See, e.g., Davis v. United States,* 742 F.2d 171, 172 (5th Cir.1984); *Lonsdale v. Commissioner,* 661 F.2d 71, 72 (5th Cir.1981). He argues that the Secretary of Treasury did not sustain his burden of proving a private individual is liable for tax; that the government does not have subject matter jurisdiction to tax him on all receipts; that he is not an individual subject to tax; that he did not derive any taxable profits (because wages received in compensation for labor are not taxable income); that he did not file a return; and that he was entitled to a jury trial.

■ The Constitution grants Congress the power to tax "incomes, from whatever source derived, without apportionment among the several states." U.S. Const. amend. XVI. "Exercising this power, Congress has defined income as including compensation for services. 26 U.S.C. § 61(a)(1)." *Lonsdale,* 661 F.2d at 72. There is no provision in the Internal Revenue Code permitting an individual wage earner to adjust his gross income by deducting a charge for the "value of labor." Thus, the argument that individual wage earners are not subject to income tax is completely frivolous and without merit. *See, e.g., Simanonok v. Commissioner,* 731 F.2d 743, 744 (11th Cir.1984); *Lonsdale,* 661 F.2d at 72.

■ Taxpayer's 1982 return plainly falls within the scope of section 6702, justifying the $500 penalty. The completed and signed Form 1040, filed in order to obtain a refund of taxes withheld from wages, is a "purported return" for section 6702 purposes. *See Madison v. United States,* 752 F.2d 607, 609 (11th Cir.1985). The return contains information on its face indicating that the self-assessment was substantially incorrect and that taxpayer's conduct was based on a position which is frivolous. *Id.; Davis v. United States,* 742 F.2d 171 (5th Cir.1984); *Holker v. United States,* 737 F.2d 751 (8th Cir.1984). Therefore, the district court properly granted summary judgment in favor of the government.

■ Future litigants should heed the warning given by the Fifth Circuit Court of Appeals in a similar situation:

Appellants' contentions are stale ones, long settled against them. As such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed.R.App.P. We publish this opinion as notice to future litigants that the continued advancing of these long-defunct arguments invites such sanctions, however.

*Lonsdale,* 661 F.2d at 72. Likewise, those who would litigate in this circuit are put on notice that they may be expected to have

**1.** § 6702. Frivolous income tax return

(a) Civil penalty—If

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

sanctions imposed against them if they continue to raise these sorts of frivolous contentions.

AFFIRMED.