779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT W. BERGGREN AND SOLANGE H. BERGGREN, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA AND INTERNAL REVENUE SERVICE,
Defendants-Appellees.
 85-5483
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 AFFIRMED
 
 1
 M.D.Tenn.
 
 ORDER
 
 2
 BEFORE: ENGEL and KEITH, Circuit Judges; and JOINER, District Judge*.
 
 
 3
 These plaintiffs, who are husband and wife, appeal from a district court judgment granting the government's motion to dismiss and its request for attorney fees and costs in the amount of $1,148.00.
 
 
 4
 The plaintiffs filed their suit seeking a refund of two penalties assessed against them under 26 U.S.C. Sec. 6702(a) by the Commissioner of the Internal Revenue Service for their having filed unsubstantiated and frivolous amended income tax returns for the years 1980 and 1981. Plaintiffs filed amended tax return forms 1040X claiming that they had erroneously claimed their respective wages as income in their initial returns. Attached to their amended returns was a memorandum of law in which they explained that wages do not represent a gain which is taxable because wages are received in equal exchange for their labor. Upon review of the amended returns, the Commissioner assessed $500 frivolous return penalties against the plaintiffs pursuant to 26 U.S.C. Sec. 6702. The husband alone paid fifteen percent of his penalties and filed claims for a refund with the Commissioner. Upon denial of the refund, both the husband and the wife filed the instant lawsuit.
 
 
 5
 Upon careful review of the cause in light of the arguments raised by the parties in their respective briefs, this Court concludes that the district court properly dismissed plaintiffs' suit and properly assessed costs and fees against the plaintiffs. Assertion of their arguments in this appeal also warrants double costs and attorney fees to be assessed against them under established law and Rule 38, Federal Rules of Appellate Procedure.
 
 
 6
 Initially, it is clear that Solange H. Berggren, the wife in this case, failed to file a claim for a refund for the penalties as required by 26 U.S.C. Sec. 6703(c). She is, therefore, barred from obtaining judicial review. The courts have uniformly rejected many arguments attacking this exhaustion prerequisite and the reguirement to pay the penalty assessment under Sec. 6702 before judicial review becomes available. Jolly v. United States, 764 F.2d 642, 644-47 (9th Cir. 1985); Wardell v. United States, 757 F.2d 203, 205 (8th Cir. 1985) (per curiam); Anderson v. United States, 754 F.2d 1270, 1272 (?? Cir. 1985) (per curiam); Kahn v. United States, 753 F.2d 1208, 1213-22 (3d Cir. 1985).
 
 
 7
 In addition, plaintiffs' amended returns did fall within the scope of 26 U.S.C. 56702, as the plaintiffs filed amended returns in order to show that they had no income and to claim a refund of taxes. Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984) (per curiam) (tax return still a tax return despite disclaimer written on return by taxpayer); Davis v. United States Government, 742 F.2d 171, 173 (5th Cir. 1984) (per curiam) (same). Pursuant to 26 U.S.C. Sec. 6702(a), the penalties were also properly assessed against the taxpayers because the returns on their face clearly showed that the taxpayers' self-assessment was substantially incorrect and that their position on the matter was frivolous. The returns reflected that taxes were withheld on wages ?? and that the wages were erroneously imposed as income but were now considered by the taxpayers as exempt for having been received in equal exchange for their ??. The courts which have considered this position have uniformly rejected it as patently without merit, the assertion of which has also fully justified the penalty allowable under 26 U.S.C. Sec. 6702. Hysep v. United States, 765 F.2d 1083 (11th Cir. 1985); Jolly v. United States, supra; Lovell v. United States, supra; Davis v. United States Government, supra.
 
 
 8
 The assertion of the argument in the district court also supported the district court's imposition of costs and reasonable attorney fees against the plaintiffs because the argument is frivolous and its assertion was vexatious and in bad faith. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 (1975); Shimman v. Intern. Union of Operating Eng., Loc 18, 744 F.2d 1226, 1230 & n. 6 (6th Cir. 1984), cert. denied, 105 S.Ct. 1191 (1985). Review of the government's declaration in support of the costs and fees also shows that the amount is reasonable under the circumstances of this case. Cf. Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911 (1980). Contrary to the plaintiffs' argument, the award is not prohibited by the Equal Access to Justice Act, 28 U.S.C. Sec. 2412, which is simply not relevant to a party who unsuccessfully sues the government. An award for the government is also not prohibited when the government must defendant against a frivolous and vexatious lawsuit. See Gallo v. I.N.S., 764 F.2d 581, 589 (6th Cir. 1985), and cases cited therein.
 
 
 9
 Finally, this Court concludes that double costs and attorney fees must be assessed against the plaintiffs for bringing this appeal because taxpayers have been warned repeatedly that assertion of patently frivolous issues to this Court will warrant the assessment, especially the assertion of a claimed exemption from income taxes based on a theory of equal exchange of labor and wages. See Martin v. C.I.R., 750 F.2d 38, 40-41 (6th Cir. 1985); Perkins v. C.I.R., 746 F.2d 1187, 1188-89 (6th Cir. 1984) (per curiam); Hysep v. United States, supra; Lovell v. United States, supra; Davis v. United States Government, supra.
 
 
 10
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. Double costs and attorney fees are also hereby awarded to the government pursuant to the cited case authority and Rule 38, Federal Rules of Appellate Procedure. An itemized and verified bill for the costs and attorney fees may be filed with the Clerk of this Court, with proof of service, within fourteen days after the entry of this order.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation