786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BILLY H. BURLISON and WANDA S. BURLISON, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 85-5846
 United States Court of Appeals, Sixth Circuit.
 2/3/86
 
 M.D.Tenn.
 AFFIRMED
 ORDER
 BEFORE: CONTIE, MILBURN, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 These two pro se Tennessee taxpayers, who are husband and wife, appeal from a district court judgment dismissing their suit as frivolous and finding them liable for costs and attorney fees in the amount of $229.98 for maintaining their suit in bad faith. Plaintiffs filed their suit in order to seek a refund of the penalty assessed against them under 26 U.S.C. Sec. 6702(a) by the Commissioner of the Internal Revenue Service for their having filed an unsubstantiated and frivolous amended income tax return for the year 1981. Plaintiffs filed an amended tax return form 1040X claiming that they had erroneously claimed their wages and salary as income in their initial return. Attached to the amended return was a memorandum of law in which they argued that their wages did not represent a gain which is taxable because wages are a source of income and were received in equal exchange for their labor. Upon review of the amended return, the Commissioner assessed a $500 frivolous return penalty against the plaintiffs pursuant to 26 U.S.C. Sec. 6702. After paying 15% of the penalty, or $75, the plaintiffs sought a refund of the penalty from the Commissioner. Upon the denial of the refund, the plaintiffs filed the instant law suit.
 
 
 2
 Upon review of the district court record and of the arguments presented by the parties in their appellate briefs, this Court concludes that the district court properly dismissed plaintiffs' suit and properly assessed costs and fees against the plaintiffs in the stated amount. The Court also concludes that assertion of plaintiffs' arguments in this appeal also warrants double costs and attorney fees to be assessed against them pursuant to Rule 38, Federal Rules of Appellate Procedure.
 
 
 3
 The Courts have uniformly rejected plaintiffs' arguments attacking the constitutionality of 26 U.S.C. Sec. 6702 and its requirement to pay the penalty-assessment without prior notice before judicial review becomes available. Hudson v. United States, 766 F.2d 1288, 1291-92 (9th Cir. 1985); Jolly v. United States, 764 F.2d 642, 644-47 (9th Cir. 1985); Wardell v. United States, 757 F.2d 203, 205 (8th Cir. 1985) (per curiam); Anderson v. United States, 754 F.2d 1270, 1272 (5th Cir. 1985) (per curiam); Kahn v. United States, 753 F.2d 1208, 1217-22 (3rd Cir. 1985). It is also clear that the plaintiffs' amended return fell within the scope of 26 U.S.C. Sec. 6702. The plaintiffs filed an amended return in order to show that they had no income and to claim a refund of taxes paid in the year 1981. Such a request for a refund does constitute a return within the meaning of Sec. 6702. Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984) (per curiam), cert. denied, 105 S.Ct. 1769 (1985); Anderson v. United States, supra, 754 F.2d at 1272; Davis v. United States, 742 F.2d 171, 173 (5th Cir. 1984) (per curiam). The penalty was also properly assessed against the plaintiffs pursuant to 26 U.S.C. Sec. 6702(a) because their amended return on its face clearly showed that their assessment of their taxes was substantially incorrect and that their position on the matter was frivolous. The return reflected that taxes were withheld on wages earned and that the wages were erroneously reported as income but were not considered by the taxpayers as exempt for having been received in equal exchange for their services. The courts which have considered this position have uniformly rejected it as patently without merit, the assertion of which has also fully justified the penalty allowable under 26 U.S.C. Sec. 6702. Hyslep v. United States, 765 F.2d 1083 (11th Cir. 1985); Jolly v. United States, supra; Stelly v. C.I.R., 761 F.2d 1113 (5th Cir.), cert. denied, 106 S.Ct. 149 (1985); Lovell v. United States, supra; Davis v. United States Government, supra.
 
 
 4
 The assertion of the latter argument in the district court also supported the district court's imposition of costs and reasonable attorney fees against the plaintiffs because the argument is frivolous and its assertion was vexatious and in bad faith. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 (1975); Shimman v. Intern. Union of Operation Eng., Loc. 18, 744 F.2d 1226, 1230 & n.6 (6th Cir. 1984), cert. denied, 105 S.Ct. 1191 (1985). Review of the government's declaration in support of the fees and costs also shows that the amount awarded is reasonable under the circumsta ces of this case. Cf. Blum v. Stenson, 104 S.Ct. 1541 (1984); Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911 (1980). Contrary to the plaintiffs' assertion, the award of costs and fees for the government is not prohibited under 26 U.S.C. Sec. 7430. This latter section was enacted to permit costs and fees to be awarded against the government in tax cases when its position was not substantially justified. It was, therefore, simply meant to supersede the Equal Access to Justice Act in tax cases. See Hall v. United States, 773 F.2d 703, 706 n.3 (6th Cir. 1985); United States v. Balanced Financial Management, 769 F.2d 1440, 1451 n.12 (10th Cir. 1985). An award of costs and fees may still be awarded for the government in all cases where it must defend against frivolous and vexatious lawsuits. See Dallo v. I.N.S., 765 F.2d 581, 589 (6th Cir. 1985); Stelly v. C.I.R., supra; Paulson v. United States, 758 F.2d 61, 62 (2nd Cir. 1985); Anderson v. United States, supra, 754 F.2d at 1272.
 
 
 5
 Finally, we believe double costs and attorney fees should be imposed against the plaintiffs because they have brought a frivolous appeal involving issues which have already been clearly resolved. Martin v. C.I.R., 756 F.2d 38, 40-41 (6th Cir. 1985); Perkins v. C.I.R., 746 F.2d 1187, 1188-89 (6th Cir. 1984) (per curiam).
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. Double costs and attorney fees are also hereby awarded to the government pursuant to the decided case authority and Rule 38, Federal Rules of Appellate Procedure. An itemized and verified bill for the costs and attorney fees may be filed with the Clerk of this Court, with proof of service, within fourteen days after the entry of this order.