787 F.2d 588
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM BELZ, JR., Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 84-4000
 United States Court of Appeals, Sixth Circuit.
 3/10/86
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This pro se plaintiff appeals from a district court judgment dismissing his suit in which he sought a refund of his partial payment of a penalty assessed against him under 26 U.S.C. Sec. 6702. Although the plaintiff attached certain statements and schedules to his purported tax return for the year 1982 which indicated that he received income in the form of wages, retirement pay, interest and insurance proceeds, the plaintiff claimed that his statements of income were incorrect and that all of his gross income was offset by certain costs of goods, primarily in the form of his cost of labor. The plaintiff, accordingly, claimed that he had no tax liability for the year 1982 and sought a refund of both the federal income tax and FICA tax withheld from his wages for the years 1982, 1981 and 1980. Rather than signing his purported tax return, the plaintiff wrote across the signature line that the Form 1040 which he was submitting was 'NOT A TAX RETURN.' In an accompanying letter, the plaintiff explained that he was a natural individual and an unenfranchised free man who is not subject to being taxed because he had not requested, obtained or exercised any privilege or franchise from the government for the years 1982, 1981 and 1980. Upon review of the purported return, the Commissioner of the Internal Revenue Service assessed a $500 frivolous return penalty against the plaintiff pursuant to 26 U.S.C. Sec. 6702. Plaintiff paid 15% of the penalty, and after his claim for abatement of the penalty was denied, he filed the instant lawsuit to obtain a refund of the penalty.
 
 
 2
 Plaintiff primarily argued in district court, and now reiterates before this Court, that the federal income tax is an unconstitutional direct tax on the source of income without apportionment, that it is an indirect tax infringing on his rights as a free man who has not been granted a privilege or franchise, and that his labor as a property right was traded in equal exchange for his wages without his realizing any taxable gain. Plaintiff also claims that he has been denied his right to notice, a hearing and a jury trial.
 
 
 3
 Upon a liberal review of the record in favor of this plaintiff, the non-moving party in the district court, this Court concludes that summary judgment was properly granted for the government because no genuine issue of material fact exists in the case. Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir.), cert. denied, 105 S.Ct. 545 (1984). The $500 civil penalty was properly imposed under 26 U.S.C. Sec. 6702 against the plaintiff because his purported return, which failed to include his wages as income, contained a self-assessment that was substantially incorrect on its face for reasons which are clearly frivolous. Gross income includes all income derived from any source including compensation for labor and services. Perkins v. C.I.R., 746 F.2d 1187 (6th Cir. 1984) (per curiam). The contrary assertion that wages are not income when received in equal exchange for labor, therefore, fully warrants the penalty allowable under 26 U.S.C. Sec. 6702. See Stelly v. C.I.R., 761 F.2d 1113 (5th Cir.), cert. denied, 106 S.Ct. 149 (1985); Hyslep v. United States, 765 F.2d 1083 (11th Cir. 1985); Jolly v. United States, 764 F.2d 642, 644-47 (9th Cir. 1985); Lovell v. United States, 755 F.2d 517, 519 (7th Cir. 1984) (per curiam), cert. denied, 104 S.Ct. 1769 (1985); Davis v. United States Government, 742 F.2d 171, 172 (5th Cir. 1984) (per curiam). The federal income tax laws also do not violate the requirement of the Sixteenth Amendment to impose taxes on income, from whatever source derived, without apportionment among the states. Martin v. C.I.R., 756 F.2d 38 (6th Cir. 1985); Perkins v. C.I.R., supra; Funk v. C.I.R., 687 F.2d 264 (8th Cir. 1982) (per curiam); Davis v. United States Government, 742 F.2d at 172. The plaintiff was not denied his right to a jury trial, Martin v. C.I.R., supra; Perkins v. C.I.R., supra; Funk v. C.I.R., supra; nor was he denied due process notice by being required to pay the penalty assessment without prior notice before judicial review became available. Hudson v. United States, 766 F.2d 1288, 1291-92 (9th Cir. 1985); Jolly v. United States, 764 F.2d at 644-47; Wardell v. United States, 757 F.2d 203, 205 (8th Cir. 1985) (per curiam); Anderson v. United States, 754 F.2d 1270, 1272 (5th Cir. 1985) (per curiam); Kahn v. United States, 753 F.2d 1208, 1217-22 (3rd Cir. 1985). Plaintiff's purported return likewise fell within the scope of 26 U.S.C. Sec. 6702 despite his written disclaimer to the contrary. Lovell v. United States, supra, 755 F.2d at 519; Anderson v. United States, 754 F.2d at 1272; Davis v. United States Government, 742 F.2d at 173.
 
 
 4
 Finally, it is concluded that double costs and attorney fees should be imposed against the plaintiff pursuant to Rule 38, Federal Rules of Appellate Procedure, because he has filed a frivolous appeal which involves issues which have already been clearly and repeatedly rejected by the courts. See Martin v. C.I.R., 756 F.2d at 41; Perkins v. C.I.R., 746 F.2d at 1188-89.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. Double costs and attorney fees are hereby awarded to the government pursuant to the decided case authority and Rule 38, Federal Rules of Appellate Procedure. An itemized and verified bill for the costs and attorney fees may be filed with the Clerk of this Court, with proof of service, within 14 days after the entry of this order.