Grant W. SULLIVAN,
Plaintiff, Appellant,

v.

UNITED STATES of America,
Defendant, Appellee.

No. 85–1649.

United States Court of Appeals,
First Circuit.

Submitted Feb. 6, 1986.

Decided April 18, 1986.

**814**

Grant W. Sullivan, pro se.

Roger M. Olsen, Acting Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, John P. Griffin, Tax Division, Dept. of Justice, Washington, D.C., and Richard V. Wiebusch, U.S. Atty., Concord, N.H., on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

Grant Sullivan filed suit in district court against the United States, seeking a refund of his partial payment of a civil penalty that the Internal Revenue Service (IRS) assessed against him, and a determination that the penalty should not have been assessed. The district court dismissed his complaint for failure to state a claim upon which relief could be granted. Sullivan appeals from that dismissal. We affirm.

In April, 1984, Sullivan filed with the IRS a letter entitled "Request for Refund of Income Tax," and two attached documents entitled "Income Tax Refund Statement for the Tax Year 1983," and "Business Income/Loss Statement for the Tax Year 1983." In the letter, Sullivan stated that he was a "natural individual and unenfranchised freeman" who "neither requested, obtained, nor exercised any privilege from an agency of government" for taxable year 1983. Sullivan therefore claimed that he owed no federal income tax, and he sought a refund of all taxes paid. He also stated that the attached documents were "for in-

formation purposes only," and were "NOT intended to be returns of income."

The documents Sullivan attached contained financial information on lines which he indicated were numbered with reference to IRS forms 1040 (Individual Income Tax Return) and Schedule C (Profit or (Loss) from Business or Profession). On the document numbered with reference to Form 1040, Sullivan reported no income from "wages, tips, [or] other compensation," even though two Forms W–2 he attached indicated that he had received $32,502.32 in "wages, tips, [or] other compensation."[1] Instead, on the document numbered with reference to Schedule C, Sullivan reported as "gross receipts" for his purported business activity as a "Labor Contractor" an amount virtually identical to the amount listed as "wages, tips, [or] other compensation" on the Forms W–2.[2] These gross receipts were wholly offset by adjustments for "cost of labor" (again, an amount virtually identical to the amount of wages listed on the Forms W–2), "purchases less cost of items withdrawn for personal use," and a deduction for "laundry and cleaning."

The IRS determined that Sullivan had filed a purported return, and it assessed against him a $500 penalty for filing a frivolous return pursuant to 26 U.S.C. § 6702. Sullivan paid 15 percent of the penalty and requested a refund of that payment under 26 U.S.C. § 6703(c). After the IRS denied his request, Sullivan filed suit in district court.

Under 26 U.S.C. § 6702, a $500 civil penalty may be assessed against a taxpayer if three requirements are met. First, the taxpayer must file "what purports to be a return." Section 6702(a)(1). Second, the return must either fail to contain information which is sufficient to ascertain whether the self-assessment is correct, section 6702(a)(1)(A), or must contain information

---

1. The word "Incorrect" was written on both Forms W–2 with no further explanation.

2. The amount listed as "gross receipts" and "cost of labor" was $1.00 short of the amount listed as "wages, tips, [or] other compensation" on the

Forms W–2 that Sullivan attached. Sullivan subsequently indicated that the amount listed as "gross receipts" and "cost of labor" was erroneous, and should have been $32,502.32.

which on its face indicates that the self-assessment is substantially incorrect. Section 6702(a)(1)(B). Third, the taxpayer's position must be frivolous, section 6702(a)(2)(A), or demonstrate a desire to delay or impede the administration of the income tax laws. Section 6702(a)(2)(B).

▌ Sullivan argues that section 6702 is inapplicable because he allegedly did not file a "purported return." We disagree. Although Sullivan did not submit an actual Form 1040 or Schedule C, the documents he submitted were numbered with reference to Form 1040 and Schedule C. Those documents set out the basis for his claim of zero tax liability for taxable year 1983. In addition, Sullivan's stated purpose in submitting the documents was to obtain a refund of taxes withheld in 1983. A taxpayer cannot obtain such a refund without first filing a return. 26 C.F.R. § 301.6402–3(a)(1) (1985). Under these circumstances, we believe the documents Sullivan submitted constituted a "purported return." *See, e.g., Holker v. United States,* 737 F.2d 751, 752 (8th Cir.1984) (per curiam).

This result is not changed by the fact that Sullivan specifically indicated that the documents he submitted were not intended to be a return. Courts consistently have rejected as meritless similar attempted disclaimers by taxpayers, and we agree. *See, e.g., id.; Davis v. United States Government,* 742 F.2d 171, 173 (5th Cir.1984) (per curiam); *Nichols v. United States,* 575 F.Supp. 320, 322 (D.Minn.1983).

▌ We also reject Sullivan's claim that the penalty under section 6702 was improperly assessed. Sullivan's purported return facially indicated that his self-assessment was incorrect, and that his position was frivolous. The attached Forms W–2 show that Sullivan received wages totaling $32,-502.32 in 1983, yet he reported no income from wages on the purported return. Sullivan simply wrote "INCORRECT" on the Forms W–2, and claimed that as an "unen-

franchised freeman" who had not benefited from any governmental privilege, he was not liable for any income tax.

Courts uniformly have rejected as frivolous the arguments that money received in compensation for labor is not taxable income, *see, e.g., Hyslep v. United States,* 765 F.2d 1083, 1084 (11th Cir.1985) (per curiam); *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir.1984) (per curiam); *cf. United States v. Aitken,* 755 F.2d 188 (1st Cir.1985), or that a person is liable for tax only if he benefits from a governmental privilege. *See, e.g., Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1985) (per curiam); *Lovell,* 755 F.2d at 519; *United States v. Buras,* 633 F.2d 1356, 1361 (9th Cir.1980). Sullivan's attempt to escape taxation by deducting as a "cost of labor" expense an amount virtually equal to his wages had no basis in the Internal Revenue Code, and was equally frivolous. *See, e.g., Hyslep,* 765 F.2d at 1084; *Olson,* 760 F.2d at 1005; *Davis,* 742 F.2d at 172–73.

To the extent Sullivan argues that he received no "wages" in 1983 because he was not an "employee" within the meaning of 26 U.S.C. § 3401(c), that contention is meritless. Section 3401(c), which relates to income tax withholding, indicates that the definition of "employee" *includes* government officers and employees, elected officials, and corporate officers. The statute does not purport to limit withholding to the persons listed therein.

Sullivan also contends that the district court erred in granting summary judgment. The district court did not grant summary judgment, however, but dismissed the complaint pursuant to Fed.R. Civ.P. 12(b)(6). The dismissal was proper, since it was clear from the complaint and exhibits attached to the complaint[3] that Sullivan could prove no set of facts that would entitle him to relief. *See Conley v. Gib-*

---

**3.** Material that has been submitted as part of the complaint may properly be considered by the court in determining a motion under Fed.R. Civ.P. 12(b)(6). 2A Moore's Federal Practice

¶ 12.07 [2.–5] at 12–68; *Amfac Mtg. Corp. v. Arizona Mall of Tempe,* 583 F.2d 426, 429–30 (9th Cir.1978).

*son,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

 Sullivan's argument that the district court unlawfully deprived him of his alleged Seventh Amendment right to a jury trial also is meritless. The right to a jury trial exists only when there is some genuine issue of material fact to be determined. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 336, 99 S.Ct. 645, 654, 58 L.Ed.2d 552 (1979). Here, the only questions to be resolved were whether the documents Sullivan filed amounted to a purported return under section 6702, whether the purported return contained information that on its face indicated that the self-assessment was substantially incorrect, and whether Sullivan's position was frivolous. Those were questions of law for the court to decide. *Davis,* 742 F.2d at 173; *Holker,* 737 F.2d at 752. The district court properly determined that Sullivan filed a purported return which fell within the requirements of section 6702, and its granting of a motion to dismiss did not deprive Sullivan of any right to a jury trial. *See, e.g., Itel Capital Corp. v. Cups Coal Co., Inc.,* 707 F.2d 1253, 1261 (11th Cir.1983); *United States v. Stangland,* 242 F.2d 843, 848 (7th Cir. 1957); *Richcreek v. Grecu,* 612 F.Supp. 111, 116 (S.D.Ind.1985).[4]

The United States (appellee) seeks sanctions against Sullivan for bringing a frivolous appeal. As we have indicated, Sullivan's claims are frivolous and meritless, and many of those claims have been rejected by courts. Other courts have imposed sanctions against appellants who raised arguments similar to those advanced by Sullivan. *See, e.g., Lovell,* 755 F.2d at 520; *Anderson v. United States,* 754 F.2d 1270, 1272 (5th Cir.1985) (per curiam); *Davis,* 742 F.2d at 173.

We therefore agree that sanctions are warranted in this case. Although appellee requests double costs and attorneys' fees, we assess only double costs against Sulli-

van for bringing a frivolous appeal. Fed. R.App.P. 38.

*The judgment of the district court is affirmed. Double costs are assessed against appellant.*

---

**4.** We have considered the other issues Sullivan raises on appeal and find them equally without merit.