798 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry B. & Janice KITTRELL, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 85-5532.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1986.
 
 Before MARTIN and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 These two pro se plaintiffs appeal from a district court judgment dismissing their suit and assessing costs and attorney fees against them for bringing the suit in bad faith. Plaintiffs filed their suit seeking a refund of a penalty assessed against them under 26 U.S.C. Sec. 6702(a) by the Commissioner of the Internal Revenue Service for their having filed an unsubstantiated and frivolous amended income tax return for the year 1981. In their memorandum of law submitted with their amended tax return, plaintiffs essentially expounded on two theories to support their conclusion that they did not owe any taxes. One, labor is a property right which may be traded in equal exchange for income without any taxable gain being realized; two, the federal income tax is a direct tax on the source of income which is not apportioned and is, therefore, in violation of the constitution.
 
 
 2
 Upon review of the record and all of the arguments presented by the parties, this Court concludes that the district court properly dismissed plaintiffs' suit and assessed costs and attorney fees against them for filing their suit in bad faith. Furthermore, we conclude that assertion of plaintiffs' arguments in this appeal also warrants double costs and attorney fees to be assessed against them pursuant to Rule 38, Federal Rules of Appellate Procedure.
 
 
 3
 Gross income includes all income derived from any source including compensation for labor and services. Perkins v. C.I.R., 746 F.2d 1187 (6th Cir.1984) (per curiam). The contrary assertion that wages are not income when received in equal exchange for labor, therefore, fully warrants the penalty allowable under 26 U.S.C. Sec. 6702. See Stelly v. C.I.R., 761 F.2d 1113 (5th Cir.), cert. denied, 106 S.Ct. 149 (1985); Hyslep v. United States, 765 F.2d 1083 (11th Cir.1985); Jolly v. United States, 764 F.2d 642, 644-47 (9th Cir.1985); Lovell v. United States, 755 F.2d 517, 519 (7th Cir.1984) (per curiam ), cert. denied, 104 S.Ct. 1769 (1985); Davis v. United States Government, 742 F.2d 171, 172 (5th Cir.1984) (per curiam ). The federal income tax laws also do not violate the requirement of the Sixteenth Amendment to impose taxes on income, from whatever source derived, without apportionment among the states. Martin v. C.I.R., 756 F.2d 38 (6th Cir.1985); Perkins v. C.I.R., supra; Funk v. C.I.R., 687 F.2d 264 (8th Cir.1982) (per curiam ); Davis v. United States Government, 742 F.2d at 172. The plaintiffs were also not denied their right to a jury trial, Martin v. C.I.R., supra; Perkins v. C.I.R., supra; Funk v. C.I.R., supra; nor were they denied due process notice by being required to pay the penalty assessment without prior notice before judicial review became available. Hudson v. United States, 766 F.2d 1288, 1291-92 (9th Cir.1985); Jolly v. United States, 764 F.2d at 644-47; Wardell v. United States, 757 F.2d 203, 205 (8th Cir.1985) (per curiam) ; Anderson v. United States, 754 F.2d 1270, 1272 (5th Cir.1985) (per curiam) ; Kahn v. United States, 753 F.2d 1208, 1217-22 (3rd Cir.1985); Heitman v. United States, 753 F.2d 33, 35 (6th Cir.1985) (per curiam). Plaintiffs' purported return likewise fell within the scope of 26 U.S.C. Sec. 6702 despite their disclaimer to the contrary. Lovell v. United States, supra, 755 F.2d at 519; Anderson v. United States, 754 F.2d at 1272; Davis v. United States Government, 742 F.2d at 173.
 
 
 4
 Finally, double costs and attorney fees should be imposed against the plaintiffs pursuant to Rule 38, Federal Rules of Appellate Procedure, because they filed a frivolous appeal which involves issues which have already been clearly and repeatedly rejected by the courts. See Martin v. C.I.R., 756 F.2d at 41; Perkins v. C.I.R., 746 F.2d at 1188-89.
 
 
 5
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. Double costs and attorney fees are hereby awarded to the government pursuant to the decided case authority and Rule 38, Federal Rules of Appellate Procedure. An itemized and verified bill for the costs and attorney fees may be filed with the Clerk of this Court, with proof of service, within 14 days after the entry of this order.