Estate of Frederick C. Kirchner, Deceased, Emma R. Kirchner, Executrix, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 102381. Promulgated March 11, 1942.

*John W. Ford, Esq.*, for the petitioner.
*Stanley B. Pierson, Esq.*, for the respondent.

## OPINION.

TURNER: On the first issue the respondent determined that the decedent's interests in the so-called Electrical Funds, Nos. 5 to 12, inclusive, should be included in his income as "amounts accrued up to the date of his death" within the meaning of section 42 of the Revenue Act of 1936.[1] The amounts set up in the deficiency notice as accrued income are the same as the values reported in the estate tax return. On brief, the respondent calls attention to the fact that upon the decedent's death his representatives had the right, under the provisions of the trust agreements, to elect to receive payments of his interests in the trust funds, and that the trust agreements prescribed a method of determining the values of his interests in the event that such election was made. Then he contends that the values so determined should be treated as "amounts accrued" within the meaning of the act. He states that the issue is controlled by *Helvering* v. *Enright*, 312 U. S. 636; and *Helvering* v. *McGlue*, 119 Fed. (2d) 167.

Petitioner contends that with respect to Electrical Funds Nos. 7 to 11, inclusive, the decedent's interests therein were not capable of approximate valuation at the time of his death within the test laid down in the *Enright* case; that, since the trust funds consisted largely of common stocks, the distributions that eventually would be made to the decedent's estate upon the termination of each trust were contingent and uncertain; and, further, that the value of the decedent's interests at the time of his death was too indefinite for accrual. In respect of Electrical Fund No. 12, petitioner points to the fact that at the time of the decedent's death the president of the company had not designated the employees who were to become beneficiaries under the trust, nor had he designated the amount or proportion to which each would be entitled. Therefore, she argues, the decedent had no rights of any kind at the time of his death in respect of this trust which might be treated as accrued.

We think petitioner's contention with respect to Electrical Funds Nos. 7 to 11, inclusive, must be rejected. At the time of the decedent's

---

[1] SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period.

death the company had made its final payment to the trustee and the decedent had been designated as a beneficiary and there was no contingency or uncertainty as to the proportionate share to which he was entitled. Upon his death his representatives were entitled to demand payment of his interests therein and the trust agreements stipulated a method of computing the value thereof. There were no unknown factors which would render uncertain the value of his interests in the event that his representatives elected to receive payment therefor. If they had so elected, the decedent's interests could have been ascertained by the application of the method set forth in the trust agreements, a pure mathematical computation. We decide this issue for the respondent on the authority of the *Enright* case. Cf. *Bach* v. *Rothensies*, 124 Fed. (2d) 306.

With respect to Electrical Fund No. 12, we think the petitioner's contention must be sustained. At the time of the decedent's death, neither he nor anyone else had been designated as a beneficiary under that trust agreement and of course no allotments had been made. It was not certain that the decedent would be designated, and it was not until two months after his death that he was designated. Obviously he had no interest in that trust at the time of his death, and there was nothing to accrue. We decide this issue for the petitioner. Cf. *Seattle First National Bank* v. *Henricksen*, 24 Fed. Supp. 256.

The respondent added a 25 percent penalty for failure to file a return. On brief, he contends that under section 291 of the Revenue Act of 1936 the imposition of the penalty is mandatory. He makes no contention that petitioner did not show reasonable cause for her failure to file the return. He cites a number of cases involving section 291 of the Revenue Act of 1934 and corresponding provisions of earlier revenue acts. Petitioner concedes that the imposition of the penalty under the 1934 Act has been held to be mandatory, but contends that changes made in section 291 of the Revenue Act of 1936 resulted in the removal of the mandatory provision and made the test whether the failure to file the return was due to reasonable cause and not to willful neglect. She contends that reasonable cause has been shown here and that the penalty should not be imposed.

Section 291 of the Revenue Act of 1934, which is substantially identical to corresponding provisions of prior acts, provides in part as follows:

In case of *any failure* to make and file a return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, *25 per centum of the tax shall be added to the tax*, *except* that when a return is filed after such time and it is shown that the failure to file it was due to reasonable cause and not due to willful neglect no such addition shall be made to the tax. * * * [Emphasis supplied.]

The Board and the courts have held that this provision of the 1934 and prior acts requires that a return be filed by the taxpayer at some time as a prerequisite to a plea of reasonable cause. *Scranton, Lackawanna Trust Co., Trustee*, 29 B. T. A. 698; affd., 80 Fed. (2d) 519; certiorari denied, 297 U. S. 723; *Harry D. Kremer*, 31 B. T. A. 566; *Kathryn Lammerding*, 40 B. T. A. 589; affd., 121 Fed. (2d) 80; *Douglas L. Edmonds, Administrator*, 31 B. T. A. 962; affd., 90 Fed. (2d) 14; *Marlborough House, Inc.*, 40 B. T. A. 882; reversed on other grounds, 118 Fed. (2d) 511; and *Collateral Mortgage & Investment Co.*, 37 B. T. A. 630. These are the cases cited and relied on by the respondent. Cf. *O'Sullivan Rubber Co.* v. *Commissioner*, 120 Fed. (2d) 845.

Section 291 of the Revenue Act of 1936 provides in part as follows:

In case of *any failure* to make and file return required by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, *unless it is shown that such failure is due to reasonable cause and not due to willful neglect*, there shall be added to the tax: * * * [Emphasis supplied.]

The Congressional Committee Reports pertaining to the 1936 Act throw no light on the reason for the changes made in this provision, but the new provision is unambiguous and in our opinion effectively removed that part of the prior provision which made mandatory the imposition of the penalty in cases where no returns had been filed. We can not presume that Congress made this change inadvertently. The term "any failure" obviously includes a complete failure and the test laid down is whether "such failure is due to reasonable cause and not due to willful neglect." In *R. Simpson & Co.*, 44 B. T. A. 498, we held that there was no reasonable cause for failure to file a return, and therefore found it unnecessary to pass upon petitioner's contention that under the wording of the 1936 Act proof of reasonable cause would relieve it from the imposition of the penalty. In *Huron River Syndicate*, 44 B. T. A. 859, no return was filed, and we said, "The question under the Revenue Act of 1936, section 291, is whether there was reasonable cause for the failure." In that case we held there was no reasonable cause. In the instant case we think the petitioner has shown reasonable cause for failure to file the return. The facts are set forth in our findings and will not be repeated here. The respondent erred in imposing the penalty.

In the following cases we and the courts have sustained the imposition of the penalty under the 1936 Act: *Olean Times Publishing Co.*, 42 B. T. A. 1277; nolle prosse (C. C. A., 2d Cir., Apr. 3, 1941); *Logan Coal & Timber Association*, 42 B. T. A. 529; affd., 122 Fed. (2d) 848; *John Armistead*, 42 B. T. A. 1430; *Puritan Mills*, 43 B. T. A. 191; and *Lane-Wells Co.*, 43 B. T. A. 463. In none of those cases, however, do the facts show that there was reasonable cause for the failure to

file the return and any statements made therein to the effect that the imposition of the penalty is mandatory is *obiter dictum* and is not controlling here.

Reviewed by the Board.

*Decision will be entered under Rule 50.*