ESTATE OF FREDERICK L. ALLDIS, DECEASED, EVELYN M. LIBBY, ADMINISTRATRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EVELYN M. LIBBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK A. ALLDIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 106390, 106389, 106391. Promulgated May 19, 1942.

1172

*George L. Cassidy, Esq.*, for the petitioners.
*Philip M. Clark, Esq.*, for the respondent.

1174

**OPINION.**

TYSON: The respondent contends that the Chrysler Management Trust is an "employees' trust" within the meaning of section 165 of the Revenue Act of 1938 [1] and similar provisions of prior acts, citing *Chrysler Corporation*, 42 B. T. A. 795, as establishing that the corporation's earnings contributed to the trust constituted additional compensation to the corporation's executives who became beneficiaries of the trust. He further contends that the amount of $56,472.20 here involved represents an "amount * * * made available" to the decedent as a distributee of the trust in excess of cost of decedent's 100 shares of beneficial interest and, accordingly, is "taxable to him in the year in which so * * * made available", pursuant to section 165, *supra*. He further contends that, the $56,472.20 being income made available by reason of decedent's death, such amount, under authority of *Helvering* v. *Enright*, 312 U. S. 636, constituted ordinary income to the decedent which "accrued up to the date of his death" within the meaning of section 42 of the Revenue Act of 1938 [2] and must be included in decedent's gross income for the period of January 1 to January 27, 1938. In *Chrysler Corporation*, *supra*, the Board

---

[1] SEC. 165. EMPLOYEES' TRUSTS.

(a) EXEMPTION FROM TAX.—A trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of some or all of his employees—

  (1) if contributions are made to the trust by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, and

  (2) if under the trust instrument it is impossible, at any time prior to the satisfaction of all liabilities with respect to employees under the trust, for any part of the corpus or income to be (within the taxable year or thereafter) used for, or diverted to, purposes other than for the exclusive benefit of his employees,

shall not be taxable under section 161, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of interest specified in section 25 (a).

(b) TAXABLE YEAR BEGINNING BEFORE JANUARY 1, 1939.—The provisions of clause (2) of subsection (a) shall not apply to a taxable year beginning before January 1, 1939.

[2] SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED.

The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period.

did not have before it, and did not decide, the specific question of the character of the trust entity involved in the instant proceeding and the decision there has no application here.

Petitioners contend that the trust is an association taxable as a corporation[3] and that the decedent's shares of beneficial interest therein were the equivalent of shares in a corporation and thus constituted a capital asset, the mere appreciation in the value of which does not constitute income to the decedent "accrued to the date of his death" within the purview of section 42, *supra*. Further, if the trust is held not to be an association taxable as a corporation, petitioners contend: (a) That the trust is not an "employees' trust" within section 165, *supra*, and, even if it is, that no part of the $56,472.20 was ever made available out of the trust's assets either to the decedent or his estate, and (b) that the trust is a pure trust, taxable under section 161 of the Revenue Act of 1938 and prior acts, and for that reason no part of the $56,472.20 here involved constitutes income taxable to the decedent up to the time of his death.

In our opinion, the *Morrissey* and its companion cases, *supra*, have no application to the trust here involved, for it was not an association of interested parties organized in a manner similar to corporate form to carry on any business enterprise and, further, the shares of beneficial interest were not freely transferable, but could be assigned only to the Chrysler Corporation in certain events. The trust was essentially a part of a plan with the primary purpose of enabling certain executives of the Chrysler Corporation to become owners of stock of that corporation on a basis favorable to them. It was created and was operated as an ordinary trust, principally to hold and conserve the funds paid over to it by the corporation under that plan and to invest such funds primarily in shares of stock of the corporation for the benefit of those who became beneficiaries of the trust. We hold that the trust was not an "association" taxable as a corporation.

In our opinion, the trust was not an "employees' trust" within the meaning of section 165, *supra*. While the trust was created as part of a plan for the benefit of certain persons who continued in the employ of the corporation and were designated by the corporation as beneficiaries of the trust, nevertheless, the important and decisive fact is that the trust was not for the "exclusive" benefit of employees of the corporation within section 165, *supra*. Cf. *W. F. Parker*, 38 B. T. A. 989. Here, upon termination, by death or otherwise, of the

---

[3] Citing *Morrissey* v. *Commissioner*, 296 U. S. 344; *Swanson* v. *Commissioner*, 296 U. S. 362; *Helvering* v. *Combs*, 296 U. S. 365; and *Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369, laying down the salient features distinguishing an "association" from a strict trust as being (1) a voluntary association for carrying on a business enterprise, (2) centralized management with title in the trustees, (3) continuity of the business enterprise secure from termination by death of the participants, (4) transferability of participating interests without affecting the continuity of the enterprise, and (5) limitation of personal liability of the participants.

corporation's employment of a beneficiary of the trust the corporation not only had the right, but was contractually obligated, to purchase such former employee's beneficial interest in the trust and thereupon became the owner thereof as a participating beneficiary having the same rights as all other remaining beneficiaries under the specific provisions of the trust indenture. Pursuant to that obligation, and up to and including the year 1938 here involved, it was possible for the corporation, through a series of acquisitions of beneficial interests, to become the principal beneficiary of the trust estate. Furthermore, while it is true that any owner of a beneficial interest living at the termination of the trust term was entitled to certain distributions out of the accumulated trust estate, consisting primarily of shares of stock of the corporation, yet upon his death or the severance of his employment by the corporation prior to the termination of the trust no portion of the trust assets could be "actually distributed or made available" to either the owner of the shares of beneficial interest or his personal representative. Instead, article seven of the trust indenture required that such beneficial interest be sold at its then determinable value to the corporation for cash. The instant case is distinguished on its facts from *Estate of Frederick C. Kirchner*, 46 B. T. A. 578; *Estate of A. M. Berry*, 44 B. T. A. 1254; *Dillis C. Knapp*, 41 B. T. A. 23; and *Ralph H. Jackson*, 40 B. T. A. 1094, and, accordingly, the principles announced in those cases are not applicable here.

It is our opinion that the trust involved was a pure trust, subject to tax on its income as provided by sections 161 and 162 of the Revenue Act of 1938 and prior acts.

In the instant proceeding the established facts are that no amount either was or could be distributed or made available in 1938 *out of the trust estate* by reason of the decedent's death and his ownership at that time of 100 shares of beneficial interest in the trust. The decedent's shares were not and could not be surrendered to the trust for cancellation and a pro rata distribution of trust assets to the holder thereof. Instead, those shares represented an interest owned by the decedent in the trust assets, which interest, by the terms of the trust indenture, was specifically made assignable to the corporation for the cash value thereof, and upon the corporation's acquisition thereof those shares remained outstanding as evidence of its pro rata interest in the undiminished assets of the trust, a taxable entity separate from both the corporation and the decedent herein. In our opinion, the decedent's pro rata beneficial interest in the assets of the trust evidenced by his 100 shares, at date of death, constituted a property interest and as such a capital asset, which passed to his estate and was sold by the latter to the corporation for a cash consideration of $56,472.20.

We hold that the amount of $56,472.20 involved herein was not "income" to the decedent and for that reason section 42, *supra*, and *Helvering* v. *Enright*, *supra*, relied upon by respondent, are not applicable in the instant case.

Respondent erred in his determination of the deficiency in question and, further, the petitioner erroneously reported the above mentioned amount of $26,986.10 as a capital gain on the decedent's income tax return for 1938.