Lee Fields and Lillian Fields v. Commissioner.
Fields v. Commissioner
Docket No. 46931.
United States Tax Court
T.C. Memo 1955-8; 1955 Tax Ct. Memo LEXIS 330; 14 T.C.M. (CCH) 27; T.C.M. (RIA) 55008; January 21, 1955
Jack R. Stulin, Esq., 85 Devonshire Street, Boston, Mass., for the petitioners. Frank V. Moran, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency of $527.02 for the year 1950. The deficiency arose because of the Commissioner's determination of a 20 per cent delinquency penalty under section 291(a), Internal Revenue Code of 1939. The only question for decision is whether the failure of petitioners to file a timely joint income tax return was due to reasonable cause and not to willful neglect. The stipulated facts are so found and the stipulation is incorporated herein by reference. Petitioners are husband and wife. They filed their joint return *331 for 1950 with the collector of internal revenue for the district of Massachusetts on June 15, 1951. Beginning in 1941, Lee Fields (hereafter called petitioner) has employed Barnet Eigen, a public accountant, to prepare and file his income tax returns. Eigen has been preparing income tax returns and practicing public accounting for over 10 years. He was employed by petitioner on the recommendation of an associate. Petitioner also knew others who had employed Eigen to prepare their returns for them. Eigen prepares returns for almost one hundred clients. During the "tax season" when working at the preparation of returns Eigen maintained special folders, one for completed forms, one for returns to be typed, one for returns to be checked, etc. Petitioner turned over a signed blank return for 1950 to Eigen early enough in 1951 that it could be completed and timely filed. Eigen completed the return in time for filing on the due date, but through inadvertence placed it in the file of another taxpayer where it was discovered in June 1951. As far as petitioner knew, the return had been timely filed. Eigen brought his error to the attention of petitioner about June 15, 1951. As soon *332 as he learned of it, petitioner directed that the return be filed. It was filed on June 15, 1951. Payment of the tax shown thereon was made concurrently with the filing. Ultimate Finding The failure timely to file the return was due to reasonable cause and not to willful neglect. Our ultimate finding disposes of the issue and we think it is amply supported by the evidence. Estate of Frederick C. Kirchner, 46 B.T.A. 578; In re Fisk's Estate, 203 Fed. (2d) 358. Decision will be entered under Rule 50.