ROBERT R. YODER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yoder v. Commissioner
Docket Nos. 2178-88; 33061-88
United States Tax Court
T.C. Memo 1990-116; 1990 Tax Ct. Memo LEXIS 116; 59 T.C.M. (CCH) 44; T.C.M. (RIA) 90116; March 7, 1990
Robert R. Yoder, pro se. Terry Serena, for the respondent. PARR
*160 MEMORANDUM OPINION PARR, Judge: Respondent determined the following income tax deficiencies and additions to tax in these consolidated cases: Additions to Tax
Year
Deficiency
§ 6651(a)(1) [1]
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654(a)
§ 6661(a)
1985
$ 6,906.00
$ 1,726.50
$ 345.30
*
$ 395.75
1,716.50
1986
8,269.00
2,067.25
399.63
*118 By amended answer respondent asserts claims for damages under section 6673 and additions to tax for negligence under section 6653(a)(1)(A) and (B) for 1986. The issues for decision are (1) whether petitioner's unreported wages are taxable income; (2) whether petitioner is entitled to exemptions for his two children; (3) whether petitioner is liable for additions to tax as determined by respondent; and (4) whether petitioner is liable for damages under section 6673. FINDINGS OF FACT Petitioner Robert Yoder resided in Ohio and was employed by the RCA corporation during the taxable years 1985 and 1986. During this time he supported his two children and remained married to his wife. He earned $ 29,407.00 in 1985 and $ 33,672.00 in 1986. No income tax was withheld from his 1985 and 1986 wages because petitioner filed Forms W-4 on which he claimed he was exempt from withholding. In 1985 petitioner also earned $ 239.00 in *119 interest on money deposited in Citizen Commercial Bank. Petitioner's wife filed a separate income tax return for the tax years 1985 and 1986, and did not claim any exemptions for her children. Petitioner failed to file any income tax returns for the tax years 1985 and 1986. Respondent issued separate notices of deficiency to the petitioner for the tax years 1985 and 1986. Respondent did not allow any exemptions for petitioner's dependents when calculating the deficiencies and additions to tax. Petitioner timely filed separate petitions contesting the deficiencies determined by respondent. Docket no. 2178-88 pertains to 1985 and docket No. 33061-88 pertains to 1986. In his petitions, petitioner did not challenge the amount of wages that respondent determined petitioner earned. Rather, petitioner argued that his wages were not taxable. Petitioner conceded the fact that the interest earned on his bank account constituted income under section 61(a). The sole substantial issue, raised by petitioner, for the first time at trial, was whether he was entitled to exemptions for his children. Prior to filing his first petition, petitioner consulted two lawyers. After filing his *120 first petition, petitioner consulted a third lawyer. The lawyers advised petitioner that his argument that his wages are not taxable would not prevail. Approximately six months before he filed his second petition, this Court found petitioner liable *161 for an income tax deficiency in the 1984 tax year, docket No. 3066-88. There we rejected petitioner's argument that his wages were not taxable. Moreover, before this trial respondent mailed petitioner copies of cases that showed petitioner's arguments were meritless. Petitioner had ample warning that his claim would fail. After petitioner filed these petitions, and while this matter was pending, respondent garnished $ 689.80 of petitioner's wages, for taxes allegedly due for the 1986 taxable year. Respondent amended his answers in each docket once. On October 5, 1988 respondent amended his answer in docket No. 33061-88 to assert additions to tax for negligence under section 6653(a)(1)(A) and (B) for 1986. At trial respondent moved for leave to amend his answer in docket No. 2178-88 concerning 1985 to include a claim for damages under section 6673. The Court granted respondent's motion. Also at trial, respondent moved *121 for leave to file a second amendment to answer in docket No. 33061-80 for 1986 to include a claim for an addition to tax under section 6661 and damages under section 6673. The Court denied respondent's motion for two reasons. First, the claim for an addition to tax was raised unreasonably late in the course of the proceedings and would have unduly prejudiced petitioner. Second, we found respondent's claim for damages under section 6673 was not appropriate under the circumstances, since petitioner may have maintained the proceeding because he erroneously believed respondent's wrongful levy on his wages would be grounds for a judgment in petitioner's favor for 1986, or that he could obtain money damages for respondent's error. OPINION Petitioner challenged the validity of the deficiency determination. The burden of proving error in the amount of the deficiency determined by the Commissioner is on the taxpayer. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner did not challenge respondent's determination that petitioner earned $ 29,407.00 in 1985 and $ 33,672.00 in 1986. Rather, petitioner asserted three typical tax protestor arguments. *122 First, he contends his wages are not income under section 61(a)(1). The issue of whether wages constitute income under section 61(a)(1) has been decided in the affirmative by every court in which it has been considered. See, e.g., Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984); Reading v. Commissioner, 70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980); Rowlee v. Commissioner, 80 T.C. 1111 (1983). Accordingly, we hold that petitioner's wages for 1985 and 1986 are income. Second, petitioner asserts that the Internal Revenue Code violates the 13th Amendment of the United States Constitution. This argument has been repeatedly rejected as frivolous. Ginter v. Southern, 611 F.2d 1226 (8th Cir. 1979); Porth v. Brodrick, 214 F.2d 925 (10th Cir. 1954); Kasey v. Commissioner, 54 T.C. 1642 (1970), affd. 457 F.2d 369 (9th Cir. 1972). We have not changed our view. Third, petitioner claims that he is not a "taxpayer" within the meaning of I.R.C. This is also without merit. See e.g., Rowlee v. Commissioner, supra at 1120. We *123 dismiss these claims with no further discussion. At trial petitioner challenged respondent's computation of the tax deficiencies. The burden of proving error in the amount of deficiency determined by the Commissioner is on the taxpayer. Rule 142(a); Welch v. Helvering, supra.Petitioner claimed he is entitled to exemptions for his two children. Under section 151(e), as in effect for the years in issue, every taxpayer was entitled to an exemption of $ 1,000 for each child under the age of 19. For a taxpayer to qualify for the exemption, he or she must provide more than one-half of the dependent's support during the tax year. Sec. 152(a). During 1985 and 1986 petitioner's children were both under 19 years of age, as evidenced by birth certificates presented at trial. In addition, petitioner credibly testified that he provided more than one-half of their support. The fact that petitioner failed to file any tax return does not preclude him from claiming the exemptions. Petitioner has met his burden of proof and is entitled to exemptions for his two children. In addition to presenting claims challenging respondent's determination of an income tax deficiency, *124 petitioner inappropriately petitioned this Court to try to force respondent to compensate him in an unstated amount for violating his constitutional right to due process. Petitioner's claim is grounded on respondent's garnishment of his wages for 1986 taxes while docket No. 33060-88 was pending in this Court, in apparent violation of section 6213(a). This Court has no jurisdiction to render monetary judgments of the type requested here. Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392 (1971). As a consequence, we may not grant petitioner the relief he seeks. [2]
*162 Additions to Tax Section 6651(a)(1)
Section 6651(a)(1) imposes additions to tax for failure to file any income tax returns. Petitioner did not file any tax returns for those tax years. Petitioner earned $ 29,407 in taxable year 1985 and $ 33,672 in taxable year 1986. Additions to tax are *125 not imposed if taxpayer can show reasonable cause for delay and not willful neglect. McCrea v. Commissioner, 184 F.2d 842 (6th Cir. 1950); Kirchner v. Commissioner, 46 B.T.A. 578 (1942). Section 301.6651-1(c)(1), Proced. & Admin Regs., states that if a taxpayer exercises ordinary business care and prudence and is nevertheless unable to file a return within the prescribed time, the delay is due to reasonable cause. Taxpayer's reliance on misguided interpretations of the Constitution does not constitute reasonable grounds for failure to file a return. Accord Edwards v. Commissioner, 680 F.2d 1268 (9th Cir. 1982), affg. an unreported order of this Court. We find petitioner liable for additions to tax under 6651(a)(1) for both the 1985 and 1986 tax years. Section 6653(a)
Section 6653(a) imposes an addition to tax if any part of the underpayment of the tax is due to negligence or intentional disregard of rules and regulations. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). *126 The taxpayer bears the burden of proof when he/she contests items involved in the deficiency determination. Rule 142. Here, petitioner bears the burden of proving that respondent erroneously imposed an addition to tax for negligence in the 1985 tax year. The burden of proof is on respondent regarding matters raised for the first time in an amended answer. Achiro v. Commissioner, 77 T.C. 881 (1981). Respondent thus bears the burden of proving that petitioner's underpayment of tax in the 1986 tax year was due to petitioner's negligence or intentional disregard of the rules and regulations. Petitioner says he honestly believed his wages were not income. Accordingly, he contends he was not negligent in not reporting his income. There was an abundance of precedent in existence at the time petitioner failed to file his returns which clearly held his theories were incorrect. Perkins v. Commissioner, 746 F.2d 1187 (6th Cir. 1984); Rowlee v. Commissioner, supra; Reading v. Commissioner, 70 T.C. 730 (1978), affd. 614 F.2d 159 (8th Cir. 1980). Respondent repeatedly advised petitioner that his theories *127 were incorrect. Moreover, this Court put petitioner on notice that his arguments were unfounded when we rejected them in docket No. 3066-88 concerning his tax deficiency for 1984 tax year. The record supports our conclusion that petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (2) for 1985 and under section 6653(a)(1)(A) and (B) for 1986 tax years. Respondent's determination that the entire amount of deficiency is due to negligence is sustained. Section 6654(a) Additions to Tax
Under section 6654(a) an individual is liable for an addition to tax in the case of any underpayment of estimated tax. No tax was withheld for income tax purposes as to petitioner's wages in the 1985 and 1986 taxable years. Petitioner is liable for additions to tax under section 6654 due to his failure to pay estimated tax for 1985 and 1986 tax years. Section 6661(a) Substantial Understatement of Tax Liability in 1985
Section 6661(a) imposes an addition to tax in an amount equal to 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. An understatement is substantial when it exceeds the greater of $ *128 5,000 or 10 percent of the tax required to be shown on the return. Section 6661(a)(1). Understatement is defined as the excess of the amount of tax required to be shown on a return over the amount of tax actually shown on the return. Section 6661(b)(2). Since no return was filed, the "amount shown" is zero. If, after taking into account the reduced deficiency due to the allowance of the exemptions for petitioner's children, the deficiency for the 1985 tax year exceeds $ 5,000, petitioner will be liable for the section 6661(a) addition to tax determined by respondent for 1985. Section 6673 Damages
Section 6673 provides that this Court shall award damages not in excess of $ 5,000 to the United States whenever the taxpayer's position is frivolous or groundless, is instituted or maintained solely for delay, or the taxpayer unreasonably failed to pursue available administrative remedies. [3] Petitioner's arguments concerning the constitutionality and proper interpretations of the Internal Revenue Code are frivolous. The fact that petitioner presented an incidental meritorious claim does not preclude us from awarding damages. The issue of petitioner's dependency exemptions was *129 *163 raised for the first time at trial, and was never the gravamen of his appeal. He persisted in maintaining his frivolous arguments up to and throughout trial, even after being warned by the Court and after having received notice from this Court in a prior case. Under these circumstances we believe that an award of damages is proper and accordingly we award damages to the United States and against petitioner in the amount of $ 1,000. Decisions will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect for 1985 and 1986. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of interest due on $ 6,906.00 ↩
2. Section 6213(a) as amended by the Technical and Miscellaneous Revenue Act of 1988 authorizes this Court to enjoin the Internal Revenue Service from assessing and collecting any tax if the tax is the subject of a timely petition of this Court. Petitioner did not request an injunction.↩
3. With respect to positions taken after December 31, 1989, in proceedings pending or commenced after such date, this Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106.↩