T.C. Memo. 2008-204

UNITED STATES TAX COURT

WALTER KOWSH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15154-06.                    Filed August 28, 2008.

Walter Kowsh, pro se.

<u>Michelle L. Maniscalco</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined an $11,846.40 deficiency in petitioner's income tax for 2003 and a $2,376.99 addition to tax for failure to file a return timely under section 6651(a)(1),[1] a $1,267.73 addition to tax for failure to pay tax timely under section 6651(a)(2), and a $272.75 addition to tax for failure to pay estimated tax under section 6654.  After

_____

[1]All section references are to the Internal Revenue Code in effect for 2003, the year at issue, unless otherwise specified.

concessions,[2] the remaining issues for decision[3] are whether petitioner's depression caused by his wife's untimely death at age 53 and the September 11, 2001 attacks (September 11 attacks) on the World Trade Center qualifies as a disability for purposes of the 10-percent additional tax on his pension distribution under section 72(t) and qualifies as reasonable cause for his failure to file a timely return, timely pay taxes, and pay estimated tax. We hold that petitioner's depression does not qualify as a disability under section 72(t) or as reasonable cause for purposes of the additions to tax.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in New York at the time he filed the petition.

Background

Petitioner's wife died an untimely death from thyroid cancer at age 53 in June 2001, leaving petitioner responsible for her aged mother and petitioner's two teenage children. Petitioner managed six employees, overseeing day-to-day operation of a large

---

[2]The parties stipulated, after petitioner eventually filed the return for 2003, to petitioner's items of income, loss, exemptions, credits, and self-employment tax.

[3]Petitioner claimed a $3,000 deduction for tuition and related fees to send his children to Catholic school. Petitioner failed to substantiate these expenses at trial, however. In addition, petitioner admits that he paid the amounts to a private middle or high school, not to a post-secondary institution. See secs. 25A, 222. We therefore find that petitioner is not entitled to the deduction.

computer system at Deutsche Bank at the time his wife died and at the time of the September 11 attacks on the World Trade Center near the Deutsche Bank building. Petitioner lost a number of friends and neighbors in the September 11 attacks, including three or four people who had attended his wife's funeral.

By February 2002, petitioner's depression from his wife's death and the September 11 attacks became so severe that petitioner could no longer go to work. Petitioner also suffered from sleep apnea that caused him to have narcoleptic episodes and fall asleep. The Human Resource Department at Deutsche Bank instructed petitioner to seek aid through the Bank's employee assistance program, which he did.

Petitioner was given medication for depression and anxiety attacks. Petitioner testified that he took Wellbutrin, Lexapro, Ativan and Paxil, commonly known antidepressants and/or anti anxiety medications, but petitioner was unable to specify when he took any of the medications. Moreover, petitioner failed to provide any affidavits or testimony from any medical professionals regarding any illnesses. Petitioner failed to provide any reports or letters from doctors despite numerous requests from respondent. In addition, his doctor was unwilling to provide any certification that petitioner was disabled.

Petitioner received both short-term and long-term disability payments through his disability insurance policy with a private insurer. Petitioner provided no evidence that he applied for or received Social Security disability benefits.

Petitioner did not file an income tax return for 2003, which was due on April 15, 2004. Respondent prepared a substitute for return with information from petitioner's third-party payors and issued a deficiency notice to petitioner. Petitioner timely filed a petition and petitioner subsequently, in February 2008, prepared a proposed return. We must decide his liability for the section 72(t) additional tax and the additions to tax under section 6651(a)(1) and (2) and section 6654. Petitioner argues that his depression qualifies as a disability for purposes of the 10-percent additional tax on his pension distribution under section 72(t) and qualifies as reasonable cause for his failure to file a return timely, to pay taxes timely and to pay estimated tax.

                              OPINION

We are asked to decide whether petitioner's depression constituted a disability to absolve petitioner from the 10-percent additional tax on an early distribution under section 72(t) and whether such disability constitutes reasonable cause to absolve petitioner from the additions to tax. Respondent stipulates that petitioner received short-term and long-term disability payments through an insurance carrier. Respondent argues, however, that disability for insurance purposes does not establish that petitioner was disabled within the meaning of section 72(t)[4] or for purposes of establishing reasonable cause

_____

[4]Petitioner concedes that he received a $332 distribution from a qualified retirement plan during the year at issue.

(continued...)

for his failure to file a return, to pay the tax due, and to pay the estimated tax.  We agree.

<u>Early Distribution From Pension Account</u>

We first address whether petitioner is liable for the 10-percent additional tax on early distributions under section 72(t).  Section 72(t)(1) imposes a 10-percent additional tax on the amount of an early distribution from a qualified retirement account.  Section 72(t)(2) provides for certain exceptions to the imposition of this 10-percent additional tax.  One such exception is a distribution attributable to an individual's being "disabled."  Sec. 72(t)(2)(A)(iii).  An individual is "disabled" for this purpose if he or she "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or to be of long-continued and indefinite duration."  Sec. 72(m)(7).  An individual seeking to benefit from the exception must provide proof of his or her disability.  <u>Id.</u>

Petitioner argues that the depression he suffered due to his wife's early death and the September 11 attacks caused him to be totally "disabled."  Petitioner offered no documentary evidence to corroborate his depression or anxiety, however.  In addition, no doctors testified nor did petitioner provide any affidavits from medical professionals.  No doctor was willing to certify

---

[4](...continued)
Petitioner fails to dispute that, if the distribution was not attributable to his being disabled within the meaning of sec. 72(t)(2)(A)(iii), he qualifies for none of the other exceptions of sec. 72(t)(2).

that petitioner was disabled.  We find that petitioner's uncorroborated testimony does not establish that he was "disabled" for section 72(m)(7) purposes.  Moreover, we agree with respondent that qualifying for disability insurance is not dispositive in determining whether an individual is disabled for purposes of the 10-percent additional tax under section 72(t).  Thus, petitioner is liable for the 10-percent additional tax under section 72(t) that applies to the pension distribution petitioner received in 2003.

Additions to Tax for Failure To File and Pay Timely

We next address whether petitioner's failure to file a timely return and to timely pay the tax was due to reasonable cause.  Petitioner admits that he failed to file the return timely and pay the correct amount of tax.  Petitioner argues, however, that his depression and sleep apnea constitute reasonable cause.

Section 6651(a)(1) provides for an addition to tax for failure to timely file a tax return on or before the specified filing date, and section 6651(a)(2) provides for an addition to tax for failure to timely pay the tax due.  The additions to tax under section 6651 do not apply, however, if the failure to timely file or timely pay is due to reasonable cause and not to willful neglect.  United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioner has the burden of proof with respect to

defenses to the additions to tax under section 6651.[5]  See <u>Higbee</u>
<u>v. Commissioner</u>, 116 T.C. 438, 446 (2001).  To satisfy this
burden, a taxpayer must show that he or she exercised ordinary
business care and prudence but was nevertheless unable to file
the return within the prescribed time.  <u>Crocker v. Commissioner</u>,
92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin.
Regs.  A taxpayer may have reasonable cause for failure to timely
file a return where the taxpayer experiences an illness or
incapacity that prevents the taxpayer from filing his or her
return.  See, e.g., <u>Estate of Kirchner v. Commissioner</u>, 46 B.T.A.
578, 585 (1942); <u>Carnahan v. Commissioner</u>, T.C. Memo. 1994-163,
affd. without published opinion 70 F.3d 637 (D.C. Cir. 1995);
<u>Jones v. Commissioner</u>, T.C. Memo. 1988-542; <u>Harris v.</u>
<u>Commissioner</u>, T.C. Memo. 1969-49.  We do not find that
petitioner's depression and sleep apnea incapacitated him to such
an extent that he was unable to file the return and pay the
proper amount of taxes for 2003.  Petitioner offered no evidence
to corroborate his accounts of depression or anxiety.  No doctors
testified nor did petitioner provide any affidavits from medical
professionals.  Petitioner failed to meet his burden of proving

---

[5]The Commissioner bears the burden of proving with respect
to sec. 6651(a)(2) that he prepared a substitute for return that
properly estimated the amount of tax due and fulfilled the
requirements of sec. 6020(b).  <u>Wheeler v. Commissioner</u>, 127 T.C.
200, 208-210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  Both
parties concede that respondent has met his burden.  The
Commissioner has the burden to produce evidence that the return
was filed late in respect of sec. 6651(a)(1).  <u>Higbee v.</u>
<u>Commissioner</u>, 116 T.C. 438, 446-447 (2001).  Petitioner admits
that he failed to file the return timely.

reasonable cause for his failure to timely file the return and pay the proper amount of taxes.

Moreover, petitioner's failure to timely file continued for years beyond the due date of the return. We have held in similar situations that there is no reasonable cause for a delay in filing beyond the term of the taxpayer's illness. See, e.g., Ramirez v. Commissioner, T.C. Memo. 2005-179; Black v. Commissioner, T.C. Memo. 2002-307, affd. 94 Fed. Appx. 968 (3d Cir. 2004); Wright v. Commissioner, T.C. Memo. 1998-224. Petitioner's depression and anxiety admittedly affected him during a portion of 2001, and likely for some time thereafter. The return for 2003 remained unfiled, however, for almost 5 years from its due date and was filed only in preparation for trial in February 2008. We find that petitioner's illness does not constitute reasonable cause for his failure to timely file a return and pay the proper amount of taxes.

In sum, petitioner has not shown that his failure to timely file an income tax return for 2003 and pay the proper amount of tax was due to reasonable cause and not to willful neglect. Thus, we find that petitioner is liable for the additions to tax under section 6651(a)(1) and (2).

Estimated Tax Addition

Respondent also determined petitioner was liable for an addition to tax under section 6654(a) for failure to make estimated tax payments for 2003. Section 6654(a) imposes an addition to tax where a taxpayer underpays estimated tax. The

estimated tax addition is mandatory unless a statutory exception in section 6654(e) applies. See Recklitis v. Commissioner, 91 T.C. 874, 913 (1988); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980); see also Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960) (reasonable cause and lack of willful neglect are not relevant considerations for estimated tax addition).

Notwithstanding the lack of reasonable cause, respondent must produce evidence sufficient for us to conclude that petitioner had a required annual payment under section 6654(d)(1)(B) (relating to tax liability for the preceding tax year) to determine whether one of the exceptions applies. See Wheeler v. Commissioner, 127 T.C. 200, 210-212 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). The record reflects that petitioner had $1,044 withheld towards his tax liability for 2003, and petitioner made no estimated tax payments for 2003. The record fails to reflect, however, whether petitioner filed a return for the preceeding tax year, 2002, and, if so, what petitioner's liability was for that year. We therefore conclude that respondent failed to produce the requisite evidence, and thus petitioner is not liable for the addition to tax under section 6654(a) for underpaying estimated tax for 2003.

To reflect the foregoing and the concessions of the parties,

Decision will be entered under Rule 155.