T.C. Summary Opinion 2009-21


UNITED STATES TAX COURT


SUSAN ELIZABETH MACHLAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13291-07S.                  Filed February 10, 2009.


Susan Elizabeth Machlay, pro se.

<u>Jon D. Feldhammer</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $8,555.70 in petitioner's 2005 Federal income tax.

The issue for decision is whether petitioner is liable for the 10-percent additional tax imposed by section 72(t) on an early distribution she received in 2005 from an employer-provided pension plan.

Background

Some of the facts have been stipulated, and we incorporate the stipulation and accompanying exhibits by this reference. Petitioner was born in 1958 and lived in California when she filed the petition.

Petitioner began working for a telephone company in 1980. In 1993 the company fired petitioner over an incident with a customer. However, she was diagnosed with a medical problem and began treatment. The telephone company reinstated her about 6 weeks later (with seniority but without backpay). Petitioner's medical condition continued and was later exacerbated by certain choices petitioner made.[2] As a result, petitioner was absent from work many times.

_____

[2] Petitioner described the diagnoses and treatment she received for her medical problems, and she explained the self-destructive choices she made which amplified her medical problems.

Petitioner quit her job in August 2005 because she was afraid more absences would result in the company's firing her and in her losing her entire pension. Petitioner withdrew $85,557 in a lump-sum distribution from the company's pension plan in 2005 and reported the entire amount as income on her Federal tax return.

Petitioner worked intermittently between August 2005 and the fall of 2006, when she realized her funds were running out. In 2006 petitioner enjoyed a substantial improvement in her medical condition. She found a job at a small newspaper, and she was working at the time of trial. The pay was far less than what she had earned working for the telephone company.

Respondent determined a deficiency of $8,555.70, resulting from the 10-percent additional tax imposed by section 72(t) on petitioner's distribution, and issued a notice of deficiency.

Petitioner filed a timely petition for redetermination. Petitioner asserts that she cannot afford to pay the additional tax. As of the time of trial, petitioner was not receiving either treatment or medication for the medical problems that plagued her in 2005.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error.

Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established her compliance with its requirements. Petitioner therefore bears the burden of proof.[3]

Section 72(t) generally provides for a 10-percent additional tax on an early distribution from a qualified retirement plan, unless the distribution comes within one of the statutory exceptions. Sec. 72(t)(1) and (2). At issue here is the exception provided in section 72(t)(2)(A)(iii), pertaining to distributions attributable to an employee's being disabled within the meaning of section 72(m)(7).

Section 72(m)(7) defines the term "disabled" as follows:

> an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

---

[3] In any event, we do not decide the issue in this case on the burden of proof. Also, regardless of whether the additional tax under sec. 72(t) would be considered an "additional amount" under sec. 7491(c) and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent has met any such burden of production by showing that petitioner received the distribution when she was 46 or 47 years of age. See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

A disability must render a taxpayer unable to engage in the same activity or an activity comparable to the one the taxpayer engaged in before the disability arose. Sec. 1.72-17A(f)(1), Income Tax Regs. The regulation lists a number of examples of impairments that would ordinarily be considered to prevent a taxpayer's engaging in substantial gainful activity. Sec. 1.72-17A(f)(2), Income Tax Regs. However, the regulation makes it clear that the expected duration of the impairment must be indefinite and that the impairment must be irremediable. If with reasonable effort and safety an impairment can be so diminished that it will not prevent the taxpayer from engaging in her customary or comparable gainful activity, then the taxpayer is not disabled within the meaning of section 72(m)(7) and she is not eligible for the disability exception of section 72(t)(2)(A)(iii). <u>Kovacevic v. Commissioner</u>, T.C. Memo. 1992-609; sec. 1.72-17A(f)(4), Income Tax Regs.

In 2006 petitioner discontinued the self-destructive life choices which had previously increased the severity of her medical condition. She explained at trial that although she received treatment from doctors in 2005, she did not seek or require constant care or supervision, then or later. At the time of trial she was not being treated or taking medication for these ailments.

Petitioner worked intermittently while her pension funds lasted and then struggled to find permanent employment.  Although she was unable to secure a job as remunerative as her position with the telephone company, she was gainfully employed in a position that provided her funds for food, shelter, and regular visits to her family.

Absent persuasive evidence that petitioner's ailments were permanent and irremediable and precluded her from engaging in substantial gainful activity, we conclude that petitioner does not qualify for the exception provided by section 72(t)(2)(A)(iii).  See Dwyer v. Commissioner, 106 T.C. 337, 341 (1996); Kowsh v. Commissioner, T.C. Memo. 2008-204.

We conclude on this record that petitioner is subject to the additional 10-percent tax imposed by the statute on early distributions.

To reflect our disposition of the issues,

Decision will be entered for respondent.