T.C. Memo. 2015-165

UNITED STATES TAX COURT

STEVEN ARTHUR SHIMANEK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 413-13.                          Filed August 19, 2015.

Steven Arthur Shimanek, pro se.

D. Anthony Abernathy, for respondent.

MEMORANDUM OPINION

SWIFT, Judge:  Respondent determined a deficiency of $2,371 in petitioner's Federal income tax for 2008.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

- 2 -

[*2]                                    Background

This case was submitted fully stipulated by the parties pursuant to Rule 122.

Petitioner is currently a resident of American Samoa, but during 2008 and at the

time of the filing of the petition in this case he resided in Eleele, Hawaii.

On October 15, 2010, petitioner filed with respondent his 2008 Federal

income tax return. He reported no income and no income tax liability and claimed

a $5,001 refund of withheld Federal income tax. Petitioner also claimed head of

household filing status and a $3,500 dependency exemption deduction for Aleta

T. J. Napoleone, who was listed on his return as his "common law spouse".

Forms W-2, Wage and Tax Statement, issued by third parties reflect wages

paid to petitioner during 2008 as follows:

| Employer | Wages paid |
| --- | --- |
| ProService Hawaii | $21,659 |
| Hawthorne Pacific Corp. | 5,204 |
| Ho Ohana Enterprises, Ltd. | 4,257 |
| Total | 31,120 |

Upon audit of petitioner's 2008 Federal income tax return respondent

increased petitioner's income by the above $31,120 and disallowed the claimed

**[*3]** dependency exemption deduction for lack of substantiation as to Ms. Napoleone's dependency on petitioner as required by section 152(d).

On January 15, 2015, the parties filed stipulations of fact and submitted the issues in this case for decision under Rule 122.

Discussion

In general, the Commissioner's determinations in a notice of deficiency are presumed to be correct, and taxpayers bear the burden of proving those determinations to be erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, requires deficiency determinations relating to unreported income to be "supported by a minimal factual foundation" before they are entitled to a presumption of correctness. Palmer v. United States, 116 F.3d 1309, 1312 (9th Cir. 1997); United States v. Stonehill, 702 F.2d 1288 (9th Cir. 1983). In this case, stipulated evidence (namely, Forms W-2 and third-party payroll information) satisfies this requirement. Indeed, on brief petitioner acknowledges receipt of the $31,120 in wages.

Petitioner, however, contends that under sections 3401(a) and 3121(e) only Federal employees receive taxable wages. This position is frivolous and has been rejected as meritless by this and other courts. See Sullivan v. United States, 788

**[*4]** F.2d 813 (1st Cir. 1986); <u>Ulloa v. Commissioner</u>, T.C. Memo. 2010-68;

<u>Pabon v. Commissioner</u>, T.C. Memo. 1994-476; Rev. Rul. 2006-18, 2006-1 C.B.

743. We sustain respondent's determination as it relates to petitioner's failure to

report $31,120 in wage income he received in 2008.

Petitioner argues that respondent improperly disallowed his dependency

exemption deduction for Ms. Napoleone, who he claims in 2008 lived with him,

had gross income less than the $3,500 exemption amount provided in section

151(d), and received more than half of her support from him.

Section 151(c) allows an exemption for each individual who is a dependent

of the taxpayer as defined in section 152. In general, a dependent is an individual

who is both a member of the taxpayer's household and who shares a principal

place of abode with the taxpayer, whose gross income for the year is less than the

$3,500 exemption amount in section 151(d), and who received more than half of

his or her support for the year from the taxpayer. <u>See</u> sec. 152(d)(1)(A)-(C),

(2)(H).[1]

Deductions are a matter of legislative grace with respect to which taxpayers

generally bear the burden of proof. Rule 142(a); <u>New Colonial Ice Co. v.</u>

---

[1]Respondent makes no argument that sec. 152(f)(3) applies to petitioner's claimed dependency exemption deduction for Ms. Napoleone.

**[\*5]** <u>Helvering</u>, 292 U.S. 435, 440 (1934). Section 7491(a), however, shifts this burden of proof to the Commissioner on each fact issue whenever "a taxpayer introduces credible evidence with respect to * * * [the] factual issue".

In support of his entitlement to a dependency exemption deduction for Ms. Napoleone, petitioner has produced and respondent has stipulated into evidence a document entitled "Affidavit of Dependency" signed by Ms. Napoleone in which she states that during 2008 she lived in petitioner's home, she had gross income of less than $3,500, and petitioner provided more than half of her support.

Respondent notes that under Rule 143(c) "Ex parte affidavits or declarations * * * do not constitute evidence." However, in the preamble to the stipulation relating to the above document, respondent expressly waives all evidentiary objections relating thereto except relevancy and materiality. Accordingly, Ms. Napoleone's statement will be considered as evidence in support of the claimed dependency exemption deduction.

On the basis of Ms. Napoleone's statement petitioner has satisfied the "credibility" requirement of section 7491(a), and the burden of proof on the claimed dependency exemption deduction shifts to respondent. Respondent has produced no evidence with regard thereto. Respondent's determination to disallow the dependency exemption deduction relating to Ms. Napoleone is not

**[\*6]** sustained.  Petitioner is entitled to the claimed $3,500 dependency exemption deduction.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.