# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 21, 2013

Lyle W. Cayce
Clerk

No. 12-30524
Summary Calendar

MICHAEL HAMPTON,

Plaintiff-Appellant,

v.

ANDY BROWN; MEDICAL STAFF; DUCOTE, Assistant Warden; BILLY TIGNER; MEDICAL DEPARTMENT NURSE; JOHN THOMAS,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:10-CV-1926

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Hampton, Louisiana prisoner # 334976, filed a 42 U.S.C. § 1983 complaint against Jackson Parish Sheriff Andy Brown; Warden Billy Tigner; Assistant Warden Timmy Ducote; Major Jon Thomas; and unnamed medical personnel at the Jackson Parish Correctional Center (JPCC), asserting various claims. Hampton now appeals the district court's grant of summary judgment for the defendants and the denial of his own motion for summary judgment. A

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

Hampton contends that the defendants violated his Eighth Amendment rights by exposing him to environmental tobacco smoke (ETS), a claim that is analyzed under the two-pronged approach of *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). The summary judgment evidence showed that JPCC had a non-smoking policy set out in written signs as well as notices painted on the walls in the facility. Further, the policy was enforced through disciplinary actions and, according to Hampton, pepper spray in some cases, and Warden Tigner made clear that smoking was not permitted. Thus, the evidence demonstrates that the defendants were not deliberately indifferent to the risk of ETS. *See Helling*, 509 U.S. at 36-37; *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Hampton's vague assertions that the policy was not sufficiently enforced is not enough to demonstrate a genuine dispute of material fact. *See McFaul*, 684 F.3d at 571. His reliance on Louisiana law prohibiting smoking in prisons is likewise unavailing, as § 1983 relief is available only for violations of federal statutory or constitutional rights. *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

Hampton's claim that he was denied transfer to another facility where he could pursue rehabilitation programs and earn good time credits also fails. Prisoners have no constitutional right to such services, nor do they have a right to transfer to a particular facility. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *see also Vincent v. Stalder*, No. 92-4601, 1993 WL 58797, at *1 (5th Cir. Feb. 18, 1993) (unpublished but precedential, *see* 5TH CIR. R. 47.5.3). Although Hampton cites a Louisiana statute regarding the establishment of rehabilitation programs, the provision of services is contingent on numerous factors and does

not create a constitutional expectancy of services. *See, e.g., Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007).

As there were no constitutional violations, there is no need to reach issues of qualified immunity or supervisory liability raised by Hampton.  Further, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over any state law claims raised by Hampton.  *See Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994).

Hampton's contention that summary judgment deprived him of his constitutional right to a jury trial is without merit. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Davis v. U.S. Gov't*, 742 F.2d 171, 173 (5th Cir. 1984) (per curiam).

Finally, Hampton has abandoned any challenge to the rejection of his claims of retaliation, unsanitary living conditions, and denial of adequate medical care by failing to brief them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.