# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30158
Summary Calendar

————————

Karl E. Thibodeaux,

*Plaintiff—Appellant*,

*versus*

Marcus Meyers; Rodney Slay; Donnie Bordelon; Samuel Johnson; James Longino; Nikki Chenevert; Brent Thompson; Spencer Launey; Laura Deselle; Benjamin Maddie; R. Lavalais; Wayne Millus,

*Defendants—Appellees*.

———————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-1630

———————————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Karl E. Thibodeaux, Louisiana prisoner # 489409, appeals the district court's order granting the defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 suit wherein he alleged that the defendants

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

violated his Eighth Amendment rights by exposing him to environmental tobacco smoke ("ETS"), or second-hand smoke. He argues that the magistrate judge exhibited bias and improperly gave the defendants legal advice in a discovery ruling, the motion for summary judgment was granted prematurely, and the defendants were deliberately indifferent to a serious risk to his medical health. He has also filed a motion for leave to supplement his reply brief, which is GRANTED.

As for his claim of bias, Thibodeaux has not shown that the district court committed reversible plain error. *See Wright v. Ford Motor Co.*, 508 F.3d 263, 272 (5th Cir. 2007). The magistrate judge's comment, taken in context, appears to be nothing more than the magistrate judge exercising his inherent authority "to manage [his] own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Furthermore, the comment does not reveal an opinion based on an extrajudicial source or demonstrate such a high degree of antagonism so as to make a fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). This contention is without merit.

Thibodeaux's complaint that consideration of the motion for summary judgment was premature is based on three broad arguments: (1) he was still actively seeking necessary discovery and the discovery deadline had not passed; (2) he had filed several protective motions that the district court did not rule on prior to deciding the motion for summary judgment; and (3) despite efforts to preserve his rights, he was denied the opportunity to file a response to the motion for summary judgment.

Once a motion for summary judgment has been filed, a nonmoving party may seek a continuance if he believes that additional discovery is necessary to respond to the motion. *See* Fed. R. Civ. P. 56(d); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir.

1991). Review of the record demonstrates that the logbooks requested by Thibodeaux do not contain any information related to the defendants' actions to enforce the smoking ban and the Raymond Laborde Correctional Center institutional policy prohibiting curing and smoking smokeless tobacco. Furthermore, the defendants offered to enter a stipulation to that effect. Therefore, Thibodeaux has not demonstrated that the denial of additional discovery under Rule 56(d) constituted an abuse of discretion. *See Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999).

After the defendants filed their motion for summary judgment, Thibodeaux filed five "protective motions" designed to further discovery, to protect his right to compel that discovery, and to protect his right to file a response to the defendants' motion for summary judgment. The consideration of Thibodeaux's protective motions in conjunction with the defendants' motion for summary judgment was within the district court's inherent authority to manage its docket. *See Link*, 370 U.S. at 630–31. As such, the district court did not abuse its discretion in its handling of Thibodeaux's motions. *In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018).

Thibodeaux's argument that he was denied the opportunity to file an opposition to the defendants' motion for summary judgment is belied by the record. As noted above, disposition of the motion for summary judgment without further discovery was appropriate, and the specific discovery Thibodeaux referenced had no bearing on the defendants' enforcement of the no-smoking policy. *See International Shortstop, Inc.*, 939 F.2d at 1267. Consequently, this argument is without merit.

"This court reviews a summary judgment *de novo*, using the same standard as that employed by the district court." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Summary judgment is appropriate "if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

A prison official may be held liable under the Eighth Amendment for denying a prisoner humane conditions of confinement only if he acts (or fails to act) with "deliberate indifference to a substantial risk of serious harm to a prisoner." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

The summary judgment evidence, which includes that the defendants instituted a no-smoking policy at the prison and that they enforce that policy, supports the conclusion that the defendants were not deliberately indifferent to the risk of harm to Thibodeaux. *See Helling v. McKinney*, 509 U.S. 25, 35-37 (1993); *see also Todd v. Hawk*, No. 00-11334, 2001 WL 803568, at *3 (5th Cir. 2001) (unpublished); *Hampton v. Brown*, 544 F. App'x 416, 417 (5th Cir. 2013) (unpublished). The district court's judgment is AFFIRMED.